COMMONWEALTH of Pennsylvania, Appellee

v.

**Stacey L. TANNER, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 4, 2012.

Filed Feb. 15, 2013.

---

Thomas A. Walrath, Jr., Public Defender, Wellsboro, for appellant.

George W. Wheeler, District Attorney, Wellsboro, for Commonwealth, appellee.

BEFORE: BOWES, OLSON and WECHT, JJ.

OPINION BY OLSON, J.:

Appellant, Stacey L. Tanner, appeals from the judgment of sentence entered on March 5, 2012, as made final by the denial of Appellant's post-sentence motion on March 29, 2012. We vacate Appellant's

judgment of sentence and remand for re-sentencing.

On December 5, 2010, Appellant entered an open guilty plea to homicide by motor vehicle while driving under the influence of alcohol,[1] aggravated assault by vehicle while DUI, and DUI (highest rate of alcohol).[2] The underlying facts were set forth during the guilty plea hearing as follows.

At approximately 12:23 a.m. on August 26, 2010, Appellant was driving her vehicle in the northbound lanes of state Route 15, in Lawrence Township, Tioga County. At the same time, Dr. Mahmoud Gaballa was driving his vehicle in the southbound lanes of state Route 15. Amal Rowezak (Dr. Gaballa's wife) and Maha Gaballa (Dr. Gaballa's and Amal Rowezak's daughter) were passengers in Dr. Gaballa's vehicle. N.T. Guilty Plea Hearing, 12/5/11, at 2.

At 12:23 a.m., Appellant's vehicle unlawfully and improperly entered the southbound lanes of state Route 15, and continued to travel along the road in a northerly direction. Sadly, Appellant's vehicle then struck Dr. Gabella's vehicle "head-on." *Id.*

The accident caused Ms. Rowezak and Miss Gabella to suffer serious injuries. As described during the guilty plea hearing:

> [Ms. Rowezak was ultimately taken to the University of Rochester Medical Center] for medical treatment where after a series of medical efforts, medical interventions, several days later she died as a result of the injuries sustained in the collision.
>
> [Miss Gaballa] was a rear seat passenger [in Dr. Gaballa's vehicle] and as a result of the [collision] she sustained serious injury to her hip and pelvis. She continues to suffer pain at this time. [She] has undergone surgical intervention, other medical interventions ...

[and] was forced to remove herself from her studies [ ] at school for the course of the semester and otherwise underwent significant pain and she does ... have lasting permanent injury as a result of the ... collision.

*Id.* at 2–3

Pennsylvania State Trooper William Hoppel arrived on the scene of the accident and spoke with Appellant. During their conversation, Trooper Hoppel observed that Appellant's eyes were "bloodshot and glassy" and that Appellant's breath smelled of alcohol. *Id.* at 4. Appellant was taken to the hospital and, approximately one hour after the accident, Appellant had her blood drawn for purposes of blood alcohol testing. *Id.* at 4–5. The results of the testing revealed that Appellant's blood alcohol content was 0.18%. *Id.* at 4.

The trial court accepted Appellant's guilty plea and continued the case so that a presentence report could be prepared. Sentencing occurred on March 5, 2012 and, during the sentencing hearing, the trial court declared that he had read and considered all of the information contained in the presentence report. N.T. Sentencing, 3/5/12, at 2. The trial court then sentenced Appellant in the "aggravated range" at all three counts and ordered that all three sentences be served consecutively to one another. *Id.* at 3–4 and 31–32. As a result, the trial court ordered that Appellant serve an aggregate term of 71 to 142 months in prison.

Appellant filed a timely post-sentence motion and challenged the discretionary aspects of her sentence. The trial court denied Appellant's post-sentence motion on March 29, 2012 and Appellant filed a time-

---

**1.** Hereafter, we will abbreviate "driving under the influence of alcohol" to "DUI."

**2.** 75 Pa.C.S.A. §§ 3735(a), 3735.1(a), and 3802(c), respectively.

ly notice of appeal to this Court. On appeal, Appellant raises the following claims:

 1. Whether the trial judge erred in denying [Appellant's post-sentence] motion in modifying the sentence to the standard range as opposed to the aggravated range?

 2. Whether the trial court erred in failing to provide a reason for sentencing and failing to allow oral argument with respect to the post-trial motion?

Appellant's Brief at 5.

We will not consider either of Appellant's claims. Rather, we conclude that—for sentencing purposes—Appellant's DUI conviction merged with her convictions for homicide by motor vehicle while DUI and aggravated assault by vehicle while DUI. As the trial court illegally sentenced Appellant for DUI, we *sua sponte* vacate Appellant's judgment of sentence and remand for resentencing.[3]

 At the outset, although Appellant has not claimed that her sentence is illegal, "challenges to an illegal sentence can never be waived and may be reviewed *sua sponte* by this Court." *Commonwealth v. Randal,* 837 A.2d 1211, 1214 (Pa.Super.2003) (*en banc*) (internal quotations, citations, and corrections omitted). "An illegal sentence must be vacated." *Id.* (internal quotations and citations omitted).

 In this case, we focus upon the trial court's failure to merge Appellant's DUI conviction for sentencing purposes. "Whether Appellant's convictions merge for sentencing is a question implicating the legality of Appellant's sentence. Consequently, our standard of review is *de novo* and the scope of our review is plenary." *Commonwealth v. Baldwin,* 604 Pa. 34, 985 A.2d 830, 833 (2009).

Pennsylvania's merger doctrine is codified within 42 Pa.C.S.A. § 9765. This statute provides:

 No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765.

 As our Supreme Court has explained, the "mandate of [Section 9765] is clear. It prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." *Baldwin,* 985 A.2d at 833.

Appellant was convicted of homicide by motor vehicle while DUI, aggravated assault by vehicle while DUI, and DUI. Respectively, these crimes are defined as follows:

 75 Pa.C.S.A. § 3735. Homicide by vehicle while driving under influence

 (a) Offense defined.—Any person who unintentionally causes the death of another person as the result of a violation of [75 Pa.C.S.A.] section 3802 (relating to driving under influence of alcohol or controlled substance) and who is convicted of violating section 3802 is guilty of a felony of the second degree when the violation is the cause of death and the sentencing court shall order the person to serve a minimum term of imprisonment of not less than three years. A consecutive three-year term of imprisonment shall be imposed for each victim

---

**3.** Our disposition renders Appellant's discre- tionary aspects of sentencing claims moot.

whose death is the result of the violation of section 3802.

75 Pa.C.S.A. § 3735(a).

75 Pa.C.S.A. § 3735.1. Aggravated assault by vehicle while driving under the influence

(a) Offense defined.—Any person who negligently causes serious bodily injury to another person as the result of a violation of [75 Pa.C.S.A.] section 3802 (relating to driving under influence of alcohol or controlled substance) and who is convicted of violating section 3802 commits a felony of the second degree when the violation is the cause of the injury.

75 Pa.C.S.A. § 3735.1(a).

75 Pa.C.S.A. § 3802. Driving under influence of alcohol or controlled substance

. . .

(c) Highest rate of alcohol.—An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(c).

In the case at bar, Appellant operated a vehicle while intoxicated, crashed into Dr. Gaballa's vehicle, and—as a result of that accident—killed Ms. Rowezak and seriously injured Miss Gaballa. Appellant was then convicted of and sentenced for homicide by motor vehicle while DUI (for killing Ms. Rowezak), aggravated assault by vehicle while DUI (for seriously injuring Miss Gaballa), and DUI.

■ Appellant's sentence is, however, illegal, as Appellant's DUI conviction merged with both her homicide by motor vehicle while DUI and aggravated assault by vehicle while DUI convictions.

First, as was explained above, Appellant's single criminal act of driving under the influence of alcohol was the factual basis for all three criminal convictions. Thus, since all three "crimes [arose] from a single criminal act," the first merger requirement has been met. *See Baldwin,* 985 A.2d at 833.

■ Moreover, a quick review of the above-quoted statutory language reveals that "all of the statutory elements of [the crime of DUI] are included in the statutory elements of" the crimes of homicide by motor vehicle while DUI and aggravated assault by vehicle while DUI. *Id.* Indeed, the crimes of homicide by motor vehicle while DUI and aggravated assault by vehicle while DUI require, as essential elements, that an individual cause the proscribed harm "as a result of" violating the DUI statute and that the individual be convicted of DUI. 75 Pa.C.S.A. § 3735; 75 Pa.C.S.A. § 3735.1; *see also Commonwealth v. Caine,* 453 Pa.Super. 235, 683 A.2d 890 (1996) (*en banc*) ("[h]omicide by vehicle while driving under the influence consists of three elements: [1] a driving under the influence conviction, [2] the death of another person, and [3] the death as a direct result of driving under the influence") (internal quotations and citations omitted). Therefore, the statutory elements of DUI are completely subsumed within the crimes of both homicide by motor vehicle while DUI and aggravated assault by vehicle while DUI. As such, for sentencing purposes, Appellant's DUI conviction merged with both her homicide by motor vehicle while DUI and aggravated assault by vehicle while DUI convictions. *See also Commonwealth v. Schmohl,* 975 A.2d 1144, 1150 (Pa.Super.2009) (holding that DUI conviction merges with aggravat-

ed assault by vehicle while DUI conviction).

■ In the case at bar, by sentencing Appellant for DUI, the trial court imposed an illegal sentence. Appellant's DUI sentence must therefore be vacated. Further, since the trial court required that Appellant serve her DUI sentence consecutive to her other sentences, our disposition has disturbed the trial court's overall sentencing scheme. Therefore, we vacate Appellant's judgment of sentence in its entirety and remand for resentencing. *See Commonwealth v. Williams,* 997 A.2d 1205, 1210–1211 (Pa.Super.2010) ("if a correction by this Court may upset the sentencing scheme envisioned by the trial court, the better practice is to remand [for resentencing]") (internal quotations, citations, and corrections omitted).

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.