J-S33042-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KRISTINE DIMAGGIO | |
| Appellant | No. 31 EDA 2014 |

Appeal from the Judgment of Sentence entered December 6, 2013
In the Court of Common Pleas of Montgomery County
Criminal Division at No: CP-46-CR-0006896-2013

BEFORE:  FORD ELLIOTT, P.J.E., OLSON, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                **FILED AUGUST 25, 2014**

Kristine DiMaggio appeals from the judgment of sentence entered December 6, 2013, for her conviction of driving under the influence of a drug or combination of drugs.  Appellant's court-appointed counsel has filed an **_Anders_**/**_Santiago_**[1] brief and petitioned for leave to withdraw as counsel. We affirm and grant the petition to withdraw.

Appellant was arrested on suspicion of DUI after her vehicle was involved in an accident near the King of Prussia Mall in Upper Merion Township, Montgomery County.  After a stipulated bench trial, the trial court found Appellant guilty of DUI under 75 Pa.C.S.A. § 3802(d)(2) (drug or

_____

[1] **_Anders v. California_**, 386 U.S. 738 (1967), and **_Commonwealth v. Santiago_**, 978 A.2d 349 (Pa. 2009).

combination of drugs). Appellant conceded that she operated a motor vehicle while under the influence of drugs containing benzodiazepine and amphetamine, and that the drugs rendered her incapable of safely driving. She also stipulated that the current DUI was her second in the past ten years. *See id.* § 3806. The trial court sentenced Appellant to 90 days to 5 years to be served in the county prison,[2] and later denied her post-sentence motion. Appellant appealed to this Court, after which her counsel sought leave to withdraw and filed an *Anders*/*Santiago* brief.

Counsel raises one issue for our review:

Is the five (5) year maximum sentence imposed with respect to Appellant's DUI conviction an illegal sentence pursuant to 75 Pa.C.S. § 3803(a), (b)(4), and this Court's holding in [*Commonwealth v. Musau*, 69 A.3d 754 (Pa. Super. 2013)]?

*Anders*/*Santiago* Brief at 4.

First, we must consider counsel's petition to withdraw. To withdraw under *Anders*/*Santiago*, counsel must (1) petition this Court for leave to withdraw after certifying that a thorough review of the record indicates the appeal is frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) give the appellant a copy of the brief and advise the appellant of the right to obtain new counsel or file a *pro se* brief to raise any additional points for review. ***Commonwealth v.***

_____

[2] Although it was entered on the docket, the written order imposing the judgment of sentence is not in the certified record. Counsel has provided a photocopy of the order. *See Anders*/*Santiago* Brief at 2.

*Millisock*, 873 A.2d 748, 751 (Pa. Super. 2005). Additionally, the *Anders*/*Santiago* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

We find that counsel has met the procedural and substantive requirements of *Anders* and *Santiago*. Counsel has petitioned for leave to withdraw, filed a brief that refers us to anything that might support the appeal, and informed Appellant of her right to hire a new lawyer or file a *pro se* response.[3] Furthermore, counsel's brief complies with the requirements of *Santiago* listed above.

We now conduct an independent review of the sole issue raised: a challenge to the legality of Appellant's sentence.[4] *See Commonwealth v.*

---

[3] Appellant has not filed a response.

[4] The legality of a sentence is a question of law. Accordingly, our standard of review is *de novo*, and our scope of review is plenary. *Commonwealth v. Tanner*, 61 A.3d 1043, 1046 (Pa. Super. 2013).

*Washington*, 63 A.3d 797, 800 (Pa. Super. 2013) (citing *Santiago*, 978 A.2d at 359) ("Our Court must then conduct its own review of the proceedings and make an independent judgment to decide whether the appeal is, in fact, wholly frivolous.").

Appellant argues that her sentence is illegal based on our decision in *Musau*. In *Musau*, the defendant was convicted of a second-offense DUI where he refused to submit to blood alcohol testing. *Musau*, 69 A.3d at 755-56. He appealed, claiming that his sentence of 90 days to 5 years in prison was illegal. *Id.*

Construing the relevant statute, we agreed. Regarding the grading of the various DUI offenses, the Vehicle Code provides:

**(a) Basic offenses.**—Notwithstanding the provisions of subsection (b):

(1) An individual who violates *section 3802(a)* (relating to driving under influence of alcohol or controlled substance) and has no more than one prior offense commits a misdemeanor for which the individual may be sentenced to a term of imprisonment of not more than six months and to pay a fine under section 3804 (relating to penalties).

\* \* \*

(b) Other offenses.—

\* \* \*

(4) An individual who violates section 3802(a)(1) where the individual refused testing of blood or breath, or who violates section 3802(c) or (d) and who has one or more prior offenses commits a misdemeanor of the first degree.

*Id.* at 757 (quoting 75 Pa.C.S.A. § 3803) (emphasis added). We held, based on the word "notwithstanding," that "regardless of the fact that

- 4 -

refusal to submit to blood alcohol testing results in the grading of the offense as a first degree misdemeanor, the maximum sentence for a first or second DUI conviction is six months' imprisonment." *Id.* at 757-58.[5]

*Musau* is distinguishable. Section 3803(a)(1), which limits the maximum sentence for DUI to six months notwithstanding § 3803(b) applies only to individuals convicted of DUI under § 3802(a). That section prohibits:

> **(a) General impairment.--**
>
> (1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after *imbibing a sufficient amount of alcohol* such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.
>
> (2) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after *imbibing a sufficient amount of alcohol* such that the alcohol concentration in the individual's blood or breath is at least 0.08% but less than 0.10% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(a) (emphasis added). Here, Appellant was not convicted of DUI of a sufficient amount of alcohol (1) that rendered her incapable of safely driving or (2) such that her blood alcohol content was

---

[5] The Commonwealth filed a petition for allowance of appeal, at No. 510 EAL 2013, which the Supreme Court had held pending a decision in *Commonwealth v. Mendez*, No. 32 EAP 2013. We also note that a bill is pending before the General Assembly which would abrogate *Musau* by changing the language in § 3803(a) to read "except as provided in subsection (b)." S.B. 1239 (proposed Jan. 24, 2014).

between .08% and .10% within two hours of driving. Rather, she was convicted of DUI of a drug or combination of drugs:

> **(d) Controlled substances.--**An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:

> * * *

> (2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(d). DUI under § 3802(d) is a first-degree misdemeanor if, like here, it is a second offense. *Id.* § 3083(b)(4). The maximum sentence for a first-degree misdemeanor is five years, the sentence that Appellant received. 18 Pa.C.S.A. § 1104(1).

Because ***Musau*** is inapplicable, the maximum sentence that Appellant could have received is five years—not six months. Her sentence is therefore legal, and we agree with counsel that Appellant's challenge to the legality of her sentence has no basis in law.

Having conducted an independent review, we determine that this appeal is wholly frivolous. In addition, counsel has met the procedural requirements to withdraw as counsel. Hence, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/25/2014</u>