J-S67028-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHACQAN MCCLENDON | |
| Appellant | No. 647 WDA 2014 |

Appeal from the Judgment of Sentence March 14, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001969-2013

BEFORE:  DONOHUE, J., MUNDY, J., and FITZGERALD, J.[*]

JUDGMENT ORDER BY MUNDY, J.:              **FILED NOVEMBER 12, 2014**

Appellant, Shacqan McClendon, appeals from the March 14, 2014, aggregate judgment of sentence of five to ten years' imprisonment, imposed after he was found guilty of one count of robbery, two counts of recklessly endangering another person (REAP), and one count of theft by unlawful taking.[1]  After careful review, we vacate and remand for resentencing.

Appellant received a five-year mandatory minimum sentence pursuant to 42 Pa.C.S.A. § 9712(a).  In **Commonwealth v. Valentine**, --- A.3d ---, 2014 WL 4942256 (Pa. Super. 2014), this Court concluded that Section 9712 was unconstitutional on its face in light of the United States Supreme Court's

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 2705, and 3921(a), respectively.

decision in **Alleyne v. United States**, 133 S. Ct. 2151 (2013) and this Court's decision in **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*). In **Alleyne**, the Supreme Court held that any fact which increases a defendant's minimum sentence is an element of the offense that must be submitted to the jury and found beyond a reasonable doubt. **Alleyne**, **supra** at 2163. In **Newman**, this Court held that the subsections of Pennsylvania's mandatory minimum statutes could not be severed and were unconstitutionally void in their entirety.[2] **Newman**, **supra** at 102.

The Commonwealth acknowledges **Newman**, but argues the trial court complied with **Alleyne** by submitting the necessary element to the jury, which it found beyond a reasonable doubt. Commonwealth's Brief at 1 n.1. However, the trial court in **Valentine** employed this same procedure, which this Court rejected, stating that, under **Newman**, it was solely up to the General Assembly to promulgate a new procedure to impose mandatory minimum sentences consistent with **Alleyne**. **Valentine**, **supra** at *8. Therefore, in light of **Newman** and **Valentine**, we conclude Appellant is entitled to resentencing.[3]

_____

[2] We note the Commonwealth has filed a petition for allowance of appeal with our Supreme Court in **Newman**, docketed at 646 MAL 2014. As of the date of this decision, it is still pending.

[3] Although Appellant's sole issue raised on appeal pertains to the discretionary aspects of his sentence, we note that issues pertaining to **Alleyne** directly implicate the legality of the sentence, which this Court may
*(Footnote Continued Next Page)*

Based on the foregoing, we are constrained to conclude the trial court erred when it imposed the mandatory minimum sentence in this case. Accordingly, the trial court's March 14, 2014 judgment of sentence is vacated, and the case is remanded for resentencing, without the mandatory minimum sentence, consistent with this judgment order.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/12/2014

_(Footnote Continued)_ _____

raise _sua sponte_. **Commonwealth v. Lawrence**, 99 A.3d 116, 123 (Pa. Super. 2014); **Commonwealth v. Orellana**, 86 A.3d 877, 883 n.7 (Pa. Super. 2014). Furthermore, our disposition renders Appellant's discretionary aspects of sentence issue moot. **Commonwealth v. Tanner**, 61 A.3d 1043, 1046 n.3 (Pa. Super. 2013).