**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL SHAYNE BOYD | |
| Appellant | No. 2333 EDA 2013 |

Appeal from the Judgment of Sentence May 30, 2012
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0000814-2011

BEFORE: BOWES, J., DONOHUE, J., SHOGAN, J., LAZARUS, J., MUNDY, J., OLSON, J., WECHT, J., STABILE, J., and JENKINS, J.

JUDGMENT ORDER BY MUNDY, J.:                **FILED JULY 21, 2015**

Appellant, Michael Shayne Boyd, appeals from the May 30, 2012 aggregate judgment of sentence of 12 to 25 years' imprisonment, imposed after he was found guilty of two counts of aggravated assault, and one count each of firearms not to be carried without a license, possession of a weapon, possession of a controlled substance, and possession with intent to deliver (PWID).[1]  After careful review, we vacate and remand for resentencing.

Appellant challenges two five-year mandatory minimum sentences he received under 42 Pa.C.S.A. §§ 9712 and 9712.1.  Appellant's Brief at 13,

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 2702(a)(4), 6106(a)(1), 907(b), 35 P.S. §§ 780-113(a)(16), and 780-113(a)(30), respectively.

17. The Commonwealth acknowledges that Sections 9712 and 9712.1 were applied. Commonwealth's Brief at 13, 20.

In **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), this Court held that Section 9712.1 was facially unconstitutional. **Id.** at 102. In **Commonwealth v. Valentine**, 101 A.3d 801 (Pa. Super. 2014), this Court, applying **Newman**'s rationale, concluded that Section 9712 is also facially unconstitutional. **Id.** at 811-812. Recently, our Supreme Court agreed with **Newman** and **Valentine**'s conclusions. **See Commonwealth v. Hopkins**, --- A.3d ---, 2015 WL 3949099, at *1, 10, 11, 13 (Pa. 2015) (concluding that 18 Pa.C.S.A. § 6317 is facially unconstitutional because its various subsections could not be severed from each other under 1 Pa.C.S.A. § 1925). As Sections 9712 and 9712.1 are unconstitutional on their face, there is no set of circumstances in which the statutes can be constitutionally applied. **United States v. Salerno**, 481 U.S. 739, 745 (1987); **accord Commonwealth v. McKown**, 79 A.3d 678, 687 (Pa. Super. 2013), *appeal denied*, 91 A.3d 162 (Pa. 2014). Therefore, because the trial court applied facially unconstitutional statutes in sentencing Appellant, the resultant sentences were illegal.[2] As our decision upsets the trial court's sentencing scheme, we must vacate the entire judgment of sentence and remand for

---

[2] In light of our disposition, Appellant's remaining challenges to the mandatory minimum sentences are moot.

resentencing. *See generally Commonwealth v. Tanner*, 61 A.3d 1043, 1048 (Pa. Super. 2013).

Based on the foregoing, we conclude the trial court imposed an illegal sentence when it applied Sections 9712 and 9712.1 to Appellant. Accordingly, the trial court's May 30, 2012 judgment of sentence is vacated, and the case is remanded for resentencing, without consideration of the mandatory minimum provisions, consistent with this judgment order.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/21/2015