J-S42017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DIANA CANAVIN | |
| Appellant | No. 1690 EDA 2014 |

Appeal from the Judgment of Sentence November 15, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009466-2012

BEFORE:  SHOGAN, J., MUNDY, J., and FITZGERALD, J.[*]

JUDGMENT ORDER BY MUNDY, J.:            **FILED JULY 23, 2015**

Appellant, Diana Canavin, appeals from the November 15, 2013 aggregate judgment of sentence of five to ten years' imprisonment, followed by three years' probation, imposed after she was found guilty of one count each of robbery, aggravated assault, criminal conspiracy, theft by unlawful taking, and possession of an instrument of crime.[1]  After careful review, we vacate and remand for resentencing.

Appellant challenges the five-year mandatory minimum sentence she received under 42 Pa.C.S.A. § 9713.  Appellant's Brief at 5, 7-8.  The trial

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 2702(a)(1), 903(c), 3921(a), and 907(a), respectively.

court acknowledges it sentenced Appellant to the mandatory minimum pursuant Section 9713. Trial Court Opinion, 11/14/14, at 9.

In *Commonwealth v. Valentine*, 101 A.3d 801 (Pa. Super. 2014), this Court, applying *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), concluded that Section 9713 is facially unconstitutional. *Id.* at 811-812. Recently, our Supreme Court agreed with *Newman* and *Valentine*'s conclusions. *See Commonwealth v. Hopkins*, --- A.3d ---, 2015 WL ------- (Pa. 2015) (slip op. at 2, 19, 22, 23) (concluding that 18 Pa.C.S.A. § 6317 is facially unconstitutional because its various subsections could not be severed from each other under 1 Pa.C.S.A. § 1925). As Section 9713 is unconstitutional on its face, there is no set of circumstances in which the statute can be constitutionally applied. *United States v. Salerno*, 481 U.S. 739, 745 (1987); *accord Commonwealth v. McKown*, 79 A.3d 678, 687 (Pa. Super. 2013), *appeal denied*, 91 A.3d 162 (Pa. 2014). Therefore, because the trial court applied a facially unconstitutional statute in sentencing Appellant, the resultant sentence is illegal.[2] As our decision upsets the trial court's sentencing scheme, we must vacate the entire judgment of sentence and remand for resentencing. *See generally Commonwealth v. Tanner*, 61 A.3d 1043, 1048 (Pa. Super. 2013).

---

[2] In light of our disposition, Appellant's remaining challenge to the mandatory minimum sentence is moot.

Based on the foregoing, we conclude the trial court imposed an illegal sentence when it applied Section 9713 to Appellant. Accordingly, the trial court's November 15, 2013 judgment of sentence is vacated, and the case is remanded for resentencing, without consideration of the mandatory minimum provisions, consistent with this judgment order.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/23/2015