J-S67018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY CHARLES LANDI | |
| Appellant | No. 30 MDA 2015 |

Appeal from the Judgment of Sentence March 22, 2013
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003211-2011
CP-36-CR-0003214-2011
CP-36-CR-0003222-2011
CP-36-CR-0005874-2011

BEFORE:  BOWES, J., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.              **FILED DECEMBER 18, 2015**

Appellant, Anthony Charles Landi, appeals *nunc pro tunc* from the judgment of sentence entered March 22, 2013, in the Court of Common Pleas of Lancaster County.  We vacate and remand for resentencing.

On January 29, 2013, Landi entered an open guilty plea to, *inter alia*, six counts of robbery, six counts of theft by unlawful taking, and one count of false reports.  The trial court sentenced Landi to an aggregate term of fifteen to thirty years' incarceration, which included the imposition of three, five-to-ten-year mandatory minimum sentences pursuant to 42 Pa.C.S.A. § 9712 ("Sentences for offenses committed with firearms.").  Landi filed a

_____

[*] Retired Senior Judge assigned to the Superior Court.

post-sentence motion, which the trial court denied. Counsel did not file a direct appeal.

On April 21, 2014, Landi filed a Post Conviction Relief Act[1] ("PCRA") petition alleging that the ineffective assistance of counsel rendered his guilty plea involuntary and, alternatively, seeking reinstatement of his appeal rights *nunc pro tunc*. Following a hearing, the PCRA court issued an opinion and order in which it first analyzed and dismissed Landi's claim regarding the voluntariness of his guilty plea. **See** Opinion and Order, 12/4/14 at 7-13. The PCRA court then proceeded to reinstate Landi's direct appeal rights *nunc pro tunc* at docket numbers 3211, 3214, 3222 and 5874 of 2011, upon finding that trial counsel was ineffective for failing to file a direct appeal. **See id**., at 13-14. This timely *nunc pro tunc* appeal followed.

Preliminarily, we note that the Commonwealth has filed an Unopposed Application for Relief, in which it concedes that the imposition of mandatory minimum sentences under 42 Pa.C.S.A. § 9712 resulted in an illegal sentence pursuant to this Court's decision in **Commonwealth v. Valentine**, 101 A.3d 801 (Pa. Super. 2014), **appeal denied**, --- A.3d ---, 2015 WL 5664623 (Pa., filed Sept. 23, 2015). We agree.

In **Valentine**, this Court, applying **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), **appeal denied**, 121 A.3d 496 (Pa.

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

2015), concluded that Section 9712 is facially unconstitutional. **See** 101 A.3d at 811-812. Recently, our Supreme Court agreed with this Court's holdings in **Newman** and **Valentine**. **See Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015).

Therefore, because the trial court applied a facially unconstitutional statute in sentencing Landi, the resultant sentence is illegal.[2] As our decision upsets the trial court's sentencing scheme, we must vacate the entire judgment of sentence and remand for resentencing. **See generally Commonwealth v. Tanner**, 61 A.3d 1043, 1048 (Pa. Super. 2013).

We lastly note that, to the extent the PCRA court addressed and dismissed Landi's claim regarding the voluntariness of his guilty plea prior to reinstating Landi's direct appeal rights *nunc pro tunc*, it was without jurisdiction to do so. **See Commonwealth v. Harris**, 114 A.3d 1 (Pa. Super. 2015) ("Once the PCRA court granted [Appellant] the right to seek further review *nunc pro tunc,* [Appellant's] sentence was no longer final and the PCRA court lacked jurisdiction to rule on [Appellant's] other requests for relief.").

The PCRA court's ruling on Landi's claim that the ineffective assistance of counsel rendered his guilty plea involuntary was therefore a legal nullity. Accordingly, Landi's remaining argument that the PCRA court erred in

---

[2] In light of our disposition, Landi's challenge to the discretionary aspects of his sentence is moot.

denying his ineffective assistance of counsel claim is not properly before this Court.

Judgment of sentence vacated. Commonwealth's Unopposed Application for Relief is granted. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/2015