J-S54036-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MCKENZIE ST. CLAIR REESE | : | |
| | : | |
| Appellant | : | No. 140 MDA 2019 |

Appeal from the Judgment of Sentence Entered May 4, 2017
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000768-2016

BEFORE:  BOWES, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                **FILED NOVEMBER 27, 2019**

Appellant, McKenzie St. Clair Reese, appeals from the May 4, 2017 Judgment of Sentence entered in the York County Court of Common Pleas following his jury conviction of one count each of Delivery of Heroin and/or Fentanyl and Drug Delivery Resulting in Death.[1] Appellant challenges the sufficiency of the evidence, and the legality and discretionary aspects of his sentence. After careful review, we affirm the convictions, but vacate the sentence, and remand for resentencing.

We glean the following facts from the trial court Opinion and certified record. Appellant and the deceased had an on-going relationship, which included Appellant's selling drugs to the deceased. In August 2015, Appellant

---

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S. § 2506(a), respectively.

and the deceased communicated *via* text message about completing a heroin sale.

In the late morning of August 16, 2015, the deceased's mother found the deceased in her bedroom, unconscious. Her bedroom contained syringe needles, a spoon, a belt, and approximately five bundles of glassine bags that contained heroin and fentanyl. The deceased's mother called the paramedics, who transported her to York Hospital. She was pronounced dead in the ambulance. An autopsy revealed that the deceased's blood contained both morphine and fentanyl, and that the cause of her death was opioid fentanyl morphine toxicity.

Pennsylvania State Police Trooper Matthew Eicher conducted an investigation, which included an analysis of the deceased's cell phone and the glassine bags. The analyses revealed that the glassine bags contained a mixture of heroin and fentanyl; the deceased's cell phone contained messages between Appellant and the deceased, discussing a sale of heroin to take place on the morning of August 16, 2015.

Appellant was charged with Delivery of Heroin and/or Fentanyl and Drug Delivery Resulting in Death. A four-day jury trial commenced on March 20, 2017. Appellant elected not to testify and presented no evidence.

The jury found Appellant guilty of both charges. The court ordered a Pre-Sentence Investigation Report.

On May 4, 2017, the court sentenced Appellant to 7 to 14 years of incarceration for the Delivery conviction, and 20 to 40 years of incarceration

for the Drug Delivery Resulting in Death conviction. The court ordered these sentences to run consecutive to one another. Appellant filed a Post-Sentence Motion, which the trial court denied.

Appellant timely appealed. However, this Court dismissed the appeal because his counsel failed to file a brief. ***Commonwealth v. Reese***, No. 1120 MDA 2017, Order, filed 9/24/18. Appellant filed a Petition to Reinstate his Appellate Rights *nunc pro tunc* with the trial court, which the court granted.

Appellant filed a Notice of Appeal with this Court. Both Appellant and the trial court complied with Pa. R.A.P. 1925.

Appellant raises the following issues for our review:

I.   Whether there was sufficient evidence presented by the Commonwealth in order to support verdicts of guilty for Delivery and Drug Delivery Resulting in Death.

II.  Whether the trial court abused its discretion and sentenced [Appellant] to an unreasonable sentence when:

   A. It did not merge the charges and sentenced [Appellant] to seven (7) to fourteen (14) years on the Delivery charge?

   B. It did not merge the charges and sentenced [Appellant] to a consecutive sentence of twenty (20) to forty (40) years on the Drug Delivery Resulting in Death charge?

Appellant's Br. at 6.

Appellant's first issue challenges the sufficiency of evidence supporting his convictions.

Our standard of review applicable to challenges to the sufficiency of evidence is well settled. "Viewing the evidence in the light most favorable to

the Commonwealth as the verdict winner, and taking all reasonable inferences in favor of the Commonwealth, the reviewing court must determine whether the evidence supports the fact-finder's determination of all of the elements of the crime beyond a reasonable doubt." *Commonwealth v. Hall*, 830 A.2d 537, 541-42 (Pa. 2003). Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact is free to believe all, part, or none of the evidence. *Commonwealth v. Melvin*, 103 A.3d 1, 39-40 (Pa. Super. 2014).

Appellant challenges the evidence supporting his Delivery of Heroin and/or Fentanyl conviction. Appellant's Br. at 14. Specifically, he argues that the Commonwealth failed to prove that he was the person who delivered heroin and fentanyl to the deceased because the Commonwealth produced no direct evidence that placed Appellant at the deceased's residence on the date of her death. *Id.* He further contends that the cell phone evidence was unreliable and the evidence showed that bags of drugs in the deceased's room did not contain Appellant's fingerprints.[2] *Id.* at 14-16.

_____

[2] Appellant challenges only the sufficiency of evidence against him. However, Appellant's arguments that the cell phone evidence was unreliable and the bags of drugs did not contain his fingerprints raise a challenge to the weight of evidence. Appellant did not challenge the weight of evidence either orally or in writing before sentencing or in a post-sentence motion. *Commonwealth v. Bryant*, 57 A.3d 191, 196-97 (Pa. Super. 2012); Pa.R.Crim.P. 607. Accordingly, he waived any weight challenges.

The Controlled Substance, Drug, Device and Cosmetic Act ("the Act") prohibits the delivery of a controlled substance without proper authorization. 35 P.S. § 780-113(a)(30). "Delivery" is defined as "the actual, constructive, or attempted transfer from one person to another of a controlled substance[.]" 35 P.S. § 780-102. "A defendant actually transfers drugs whenever he physically conveys drugs to another person." ***Commonwealth v. Murphy***, 844 A.2d 1228, 1234 (Pa. 2004).

The Commonwealth introduced evidence sufficient to establish that it was Appellant who delivered the drugs to the decedent. At trial, Trooper Eicher testified that the cell phone data revealed that the deceased had sent text messages to Appellant on August 12, 14, 15, and 16, 2015, to set up a heroin transaction on the morning of August 16, 2015. N.T. Trial, 3/23/17, at 418, 430-35. Additionally, Appellant sent text messages to the deceased on the morning of August 16, 2015—one message indicated that he was on his way, and the other stated that he had arrived at the deceased's home. ***Id.*** at 429, 439. Additionally, Special Agent William Shute, an expert in cell phone site analysis, testified that based on the historical cell phone site analysis, he established that Appellant had been in the area of the deceased's home the morning of August 16, 2015. ***Id.*** at 398.

From this evidence, it is reasonable to infer that Appellant was the one who supplied the drugs to the decedent.

Appellant also challenges the sufficiency of evidence supporting his Drug Delivery Resulting in Death conviction. Appellant's Br. at 16. He asserts that the Commonwealth failed to produce evidence not only that it was Appellant who delivered the drugs, but also that the drugs Appellant sold the decedent were the drugs that killed her. *Id.*

The Crimes Code criminalizes a Drug Delivery Resulting in Death. Section 2506 states, in relevant part, "[a] person commits a felony of the first degree if the person intentionally . . . delivers, . . . sells or distributes any controlled substance . . . , and another person dies as a result of using the substance." 18 Pa.C.S. § 2506(a).

As discussed above, the text message exchange between Appellant and the decedent and other evidence established that on the morning of August 16, 2015, Appellant was at the decedent's home and sold her drugs. Therefore, the evidence was sufficient to establish that it was Appellant who delivered the drugs to the decedent.

Similarly, the evidence was sufficient to establish that the drugs that Appellant delivered to the decedent were the drugs that killed her. The evidence established that Appellant delivered to the decedent glassine bags containing a mixture of heroin and fentanyl. Shortly after Appellant delivered the drugs to the decedent, her mother found the decedent unresponsive in her bedroom. At trial, Dr. Rameen Starling-Roney, forensic pathologist, testified that he performed an autopsy of the deceased and determined that

her cause of death was opioid fentanyl morphine toxicity. N.T. Trial, at 345-346. He further explained morphine is a metabolite of heroin. *Id.* at 292.

Corroborating this evidence was a telephone call that Appellant had with his girlfriend, Nashaya Ferguson, a week after the decedent died. Ferguson informed Appellant that the deceased had passed away around August 16, 2015; that "she[ was] dead off of that dope." Commonwealth's Exh. 34B at 3. Appellant responded, "I guess it was that good, that A-1 shit." *Id.* at 7-9. Appellant, however, then backtracked and stated that he did not know if it was his "stuff" that "did that to her." *Id.*

Viewing the direct and circumstantial evidence in the light most favorable to the Commonwealth as the verdict winner, and taking all reasonable inferences in favor of the Commonwealth, we conclude that the trial court correctly found that the evidence was sufficient to establish that it was Appellant who sold the drugs to the decedent and it was those drugs that killed her. Thus, Appellant's sufficiency challenge is meritless.

Appellant's second issue challenges both the legality and discretionary aspects of his sentence. We will first address the challenge to the legality of his sentence.

Appellant asserts that the trial court should have merged his Delivery of Heroin and/or Fentanyl conviction with his Drug Delivery Resulting in Death conviction for sentencing purposes. Appellant's Br. at 19.

A claim that the trial court failed to merge sentences implicates the legality of the sentence. **Commonwealth v. Tanner**, 61 A.3d 1043, 1046 (Pa. Super. 2013). Although Appellant did not raise the issue in his Statement of Matters Complained of on Appeal, "challenges to an illegal sentence can never be waived and may be reviewed *sua sponte* by this Court." **Id.** (citation omitted). Therefore, our standard of review is *de novo*, and our scope of review is plenary. **Id.**

> Section 9765 of the Sentencing Code provides that:
>
> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765. Thus, "[i]f the elements of the lesser offense are all included within the elements of the greater offense and the greater offense has at least one additional element, which is different, then the sentences merge." **Commonwealth v. Jarosz**, 152 A.3d 344, 351 (Pa. Super. 2016) (citation omitted). However, "[i]f both crimes require proof of at least one element that the other does not, then the sentences do not merge. **Id.** (citation omitted).

The Commonwealth concedes that the convictions should have merged for sentencing purposes. Appellee's Br. at 28-30. We agree.

Appellant was convicted of Delivery of Heroin and/or Fentanyl and Drug Delivery Resulting in Death. As discussed above, the Act prohibits the Delivery

of a Controlled Substance, which is defined as the "deliver[y of] . . . a controlled substance [without proper authorization]. 35 P.S. § 780-113(a)(30). The Crimes Code further provides that "[a] person commits [the] felony of [Drug Delivery Resulting in Death] if the person intentionally . . . delivers . . . any controlled substance in violation of section . . . 13(a)(14) or (30) of the [A]ct . . . , and another person dies as a result of using the substance. 18 Pa.C.S. § 2506(a).

Section 2506 consists of two principal elements: (i) intentionally delivering any controlled substance in violation of 35 P.S. § 780-113(a)(14) or 35 P.S. § 780-113(a)(30); and (ii) resulting from the use of that controlled substance. *Id.*; *Commonwealth v. Peck*, 202 A.3d 739, 743-44 (Pa. Super. 2019) (citation omitted). All the statutory elements of the crime Delivery of a Heroin and/or Fentanyl are included in the first element of Drug Delivery Resulting in Death, "intentionally deliver[ing] any controlled substance[,]" *i.e.*, heroin and/or fentanyl. 18 Pa.C.S. § 2506. Further, the crime of Drug Delivery Resulting in Death includes proof of an additional principal element, death caused by the use of that drug. *Id.*; *Peck*, *supra* at 744. Therefore, the trial court should have merged Appellant's sentence for Delivery of Heroin and/or Fentanyl with his sentence for Drug Delivery Resulting in Death.

Because the court ordered Appellant's sentences to run consecutive to each other, our vacatur upsets the sentencing scheme and we must remand for resentencing. *See Commonwealth v. Williams*, 997 A.2d 1205, 1210-

11 (Pa. Super. 2010) ("[I]f a correction by this Court may upset the sentencing scheme envisioned by the trial court, the better practice is to remand [for resentencing]") (internal quotations, citations, and corrections omitted). Therefore, we vacate Appellant's Judgment of Sentence and remand for resentencing.[3]

Convictions affirmed. Judgment of Sentence vacated. Case remanded for resentencing consistent with this Memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/27/2019

---

[3] Because this issue is dispositive, we need not address Appellant's challenge to the discretionary aspects of his sentence.