J-S17027-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARKAL TREY MUNFORD | |
| Appellant | No. 1353 MDA 2019 |

Appeal from the Judgment of Sentence entered August 26, 2015
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0004001-2014

BEFORE: PANELLA, P.J., STABILE, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY STABILE, J.:                    **FILED JULY 06, 2020**

Appellant, Markal Trey Munford, appeals from the August 26, 2015 judgment of sentence entered in the Court of Common Pleas of York County. For the reasons that follow, we vacate the judgment of sentence and remand for resentencing.

By way of background, on July 6, 2018, an order was entered in the Court of Common Pleas of York County denying Appellant's petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-9546. On May 20, 2019, this Court reversed and remanded to the PCRA court after determining direct appeal counsel was ineffective for failing to challenge the sufficiency of evidence supporting Appellant's conviction of receiving stolen property ("RSP"). We directed the PCRA court to reinstate Appellant's direct appeal rights *nunc pro tunc* with respect to

sufficiency of evidence underlying the RSP conviction only. ***Commonwealth***

***v. Munford***, No. 1271 MDA 2018 (Pa. Super. filed May 20, 2019).

Following remand, the PCRA court scheduled a status conference for July 3, 2019. Order, 5/21/18, at 1. The underlying RSP charge was not resolved at the status conference. Therefore, the PCRA court reinstated Appellant's direct appeal rights *nunc pro tunc* on the RSP charges only. Order, 7/15/19, at 1. On August 12, 2019, Appellant filed a notice of appeal in accordance with the July 15, 2019 order.

Appellant filed a brief in support of his contention the evidence was insufficient to support the RSP conviction. In response, the Commonwealth filed a letter brief noting its agreement that the evidence was not sufficient to sustain the RSP conviction. Commonwealth Letter Brief at 1. The Commonwealth requested that we vacate Appellant's August 26, 2015 judgment of sentence with respect to RSP.[1] Because vacating the sentence for RSP disturbs the overall sentencing scheme, we reverse Appellant's conviction, vacate his judgment of sentence in its entirety and remand for

---

[1] In addition to RSP, the trial court sentenced Appellant for possession of a firearm prohibited, firearm not to be carried without a license, and possession of a controlled substance. Appellant's sentence for RSP was imposed consecutively to his sentence for possession of firearms prohibited. We note that on direct appeal, Appellant challenged only the firearms possession conviction. This Court affirmed his judgment of sentence. ***Commonwealth v. Munford***, No. 1650 MDA 2015 (Pa. Super. filed 6/6/16). Our Supreme Court denied his petition for allowance of appeal.

resentencing. ***See Commonwealth v. Tanner***, 61 A.3d 1043, 1048 (Pa. Super. 2013).

Appellant's conviction of RSP reversed. Judgment of sentence vacated. Case remanded for further proceedings in accordance with this judgment order. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/06/2020