J-S20018-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GREGORIO CHAMBERS | |
| Appellant | No. 1187 EDA 2019 |

Appeal from the PCRA Order entered March 20, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0006668-2015

BEFORE:  SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 29, 2020**

Appellant, Gregorio Chambers, *pro se* appeals from the March 20, 2019 order entered in the Court of Common Pleas of Philadelphia County denying his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The factual and procedural background is not at issue here.  Briefly, on January 10, 2017, Appellant, along with another individual, robbed a pedestrian at gunpoint.  Appellant entered an open plea to robbery, conspiracy to commit robbery, firearms not to be carried without a license, and carrying a firearm in public in Philadelphia.[1]  On March 20, 2017, the trial court sentenced him to consecutive terms of four to ten years on the robbery conviction and three to six years on the conspiracy for an aggregate term of

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 903, 6106, and 6108, respectively.

imprisonment of seven to sixteen years. No further penalties were imposed on the firearm violations. Appellant did not file a direct appeal with our Court.

On March 21, 2018, Appellant filed the instant PCRA petition, in which Appellant argued that the sentencing court erred in not merging the sentences for the robbery and conspiracy convictions. After the PCRA court appointed counsel, on May 12, 2018, counsel filed a "no merit" letter arguing that the merger claim raised by Appellant had no merit.

On February 6, 2019, the PCRA court issued a notice of its intention to dismiss the PCRA petition. Appellant filed a response to counsel's no merit letter and the PCRA court's notice. After reviewing and considering Appellant's responses, the PCRA court denied PCRA relief on March 20, 2019. On July 30, 2019, the PCRA court granted counsel's petition to withdraw.

Our standard of review from a PCRA court's determination is well settled. "[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (citation omitted).

As noted, Appellant argues that the sentencing court erred in not merging for sentencing purposes his robbery and conspiracy to commit robbery sentences. We disagree.

The Pennsylvania Judicial Code governs our merger analysis:

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other

- 2 -

offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765. Merger implicates the legality of a sentence. ***Commonwealth v. Tanner***, 61 A.3d 1043, 1046 (Pa. Super. 2013). Accordingly, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Calhoun***, 52 A.3d 281, 284 (Pa. Super. 2012), ***appeal denied***, 67 A.3d 793 (Pa. 2013). Section 9765 "prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." ***Tanner***, 61 A.3d at 1046 (quoting ***Commonwealth v. Baldwin***, 985 A.2d 830, 833 (Pa. 2009)).

It is undisputed that Appellant's convictions for robbery and conspiracy arise from the single criminal act of the gunpoint robbery of a pedestrian. Accordingly, the first requirement for merger is met.

However, robbery[2] and conspiracy[3] do not have any statutory element in common. Thus, they do not merge for sentencing purposes. ***See***

_____

[2] To sustain a conviction for robbery under Section 3701(a)(1)(ii), the Commonwealth must establish that "in the course of committing a theft," the defendant "threatens another with or intentionally puts him in fear of immediate serious bodily injury." 18 Pa.C.S.A. § 3701(a)(1)(ii).

[3] "To sustain a conviction for criminal conspiracy, the Commonwealth must establish that the defendant (1) entered into an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared criminal intent and (3) an overt act was done in furtherance of the conspiracy." ***Commonwealth v. Hennigan***, 753 A.2d 245, 253 (Pa. Super. 2000).

***Commonwealth v. Andrews***, 720 A.2d 764, 769 (Pa. Super. 1988) (conspiracy does not merge for sentencing purposes with either robbery or possession of an instrument of crime). Additionally, "[i]t has long been the law of this Commonwealth that the crime of criminal conspiracy does not merge with the completed offense which was the object of the conspiracy." ***Commonwealth v. Miller***, 364 A.2d 886, 886 (Pa. 1976).

In light of the foregoing, we conclude that the PCRA court did not err in dismissing Appellant's PCRA petition.

Order affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


Date: *7/29/2020*