J-A04024-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| STANLEY W. PAWLOWSKI, JR. | : | |
| | : | |
| Appellant | : | No. 596 MDA 2022 |

Appeal from the Judgment of Sentence Entered February 3, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0003377-2021

BEFORE: STABILE, J., DUBOW, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.: **FILED FEBRUARY 10, 2023**

Appellant Stanley W. Pawlowski, Jr. appeals from the judgment of sentence entered on February 3, 2022, by the Court of Common Pleas of Luzerne County. Appellant asserts that his sentence for Driving under the Influence of Alcohol or Controlled Substances ("DUI") is an illegal sentence, arguing that the trial court should have merged it with his sentence for Aggravated Assault by Vehicle while Driving Under the Influence ("Aggravated Assault-DUI"). On appeal, the trial court and the Commonwealth concede that the lack of merger resulted in an illegal sentence. After careful review, we agree. Accordingly, we vacate the sentence for DUI and affirm the judgment of sentence in all other respects.

This case arises from a December 24, 2020 vehicle accident in Fairview Township, Lucerne County.[1] The accident occurred when Appellant, while driving his Chevy Silverado pickup truck southbound on State Route 309, crossed the center line and collided with a Ford Escape traveling northbound. The driver and passenger of the Ford Escape suffered significant injuries, which required extended hospital stays of multiple months. A blood test revealed that Appellant's blood alcohol content "was between 0.11% and 0.12%[,] which is over the legal limit of 0.08%."[2]

The Commonwealth charged Appellant with two counts of Aggravated Assault-DUI and one count each of DUI and Driving While Operating Privilege is Suspended or Revoked-DUI related.[3] Appellant entered a negotiated guilty plea on all charges on December 10, 2021. Following a hearing, the trial court sentenced Appellant to 30 to 60 months of incarceration on each charge of Aggravated Assault-DUI, to be served consecutively. The court additionally sentenced him to 90 days to 12 months incarceration for DUI, to be served concurrently with the Aggravated Assault-DUI sentences. The court emphasized that this was Appellant's third DUI conviction. Finally, he received a sentence of 60 days of incarceration for driving with a suspended license to be served concurrently with the other sentences.

_____

[1] We glean the uncontested facts of this case from the trial court's Pa.R.A.P. 1925(a) Opinion.

[2] Tr. Ct. Op., 7/19/22, at 2.

[3] 75 Pa.C.S. §§ 3735.1(a); 3802(b); 1543(b)(1)(i).

After the trial court denied his post-sentence motion seeking a sentence reduction, Appellant filed his Notice of Appeal with this Court. Both Appellant and the trial court complied with Pa.R.A.P. 1925. In his Rule 1925(b) statement, Appellant asserted that the trial court erred in imposing an illegal sentence by failing to merge the DUI sentence with the Aggravated Assault-DUI sentence.[4] He renews this claim on appeal and asks that this Court "vacate his judgment of sentence on the DUI and remand for resentencing." Appellant's Br. at 10.

In its Rule 1925(a) opinion, the trial court agreed with Appellant, concluding that the sentence for DUI should have merged with the sentence for Aggravated Assault-DUI. Tr. Ct. Op., 7/19/22, at 4-5. Likewise, the Commonwealth conceded that the sentences should merge in its brief to this Court. Appellee's Br. at 9. We agree with the parties and the trial court that this case is controlled by **Commonwealth v. Tanner**, 61 A.3d 1043 (Pa.

---

[4] While Appellant raised this issue for the first time in his Pa.R.A.P. 1925(b) statement, we observe that challenges to the legality of sentence, such as those involving merger, "can never be waived[.]" **Commonwealth v. Tanner**, 61 A.3d 1043, 1046 (Pa. Super. 2013).

In his Rule 1925(b) statement, Appellant also challenged the trial court's imposition of consecutive rather than concurrent terms for the two Aggravated Assault-DUI counts, claiming that the sentences were excessive. The trial court rejected this argument in its Rule 1925(a) Opinion. Tr. Ct. Op. at 5-8. Appellant has not pursued that claim in his briefing before this Court. Accordingly, we find it waived for failure to develop. **See In re J.B.**, 39 A.3d 421, 437 (Pa. Super. 2012) (citing, inter alia, Pa.R.A.P. 2119 and observing that "arguments which are not appropriately developed are waived" (citation omitted)).

Super. 2013), in which this Court vacated a judgment of sentence after concluding that the sentence for DUI, 75 Pa.C.S. § 3802, should merge with the sentence for Aggravated Assault-DUI, 75 Pa.C.S. § 3735.1(a).[5] **Tanner**, 61 A.3d at 1047-48 (holding that all the elements of DUI are included in the elements of Aggravated Assault-DUI as required for merger under 42 Pa.C.S. § 9765). Accordingly, we vacate Appellant's judgment of sentence for DUI.

We decline to remand for resentencing because vacating Appellant's DUI sentence will not disturb the trial court's overall sentencing scheme. This court has repeatedly held that "[i]f our disposition upsets the overall

---

[5] In **Tanner**, the defendant violated subsection (c) of Section 3802, DUI-Highest Rate of Alcohol, whereas Appellant violated subsection (b), DUI-High Rate of Alcohol:

> (b) High rate of alcohol.—An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least **0.10% but less than 0.16%** within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(b) (emphasis added). Subsections (b) and (c) are identical but for a difference in the required alcohol concentration, with subsection (c) mandating a concentration of "0.16% or higher." **Id.** § 3802(c). This distinction is immaterial for purposes of merger with Aggravated Assault-DUI, which references Section 3802 generally rather than specific subsections:

> Any person who negligently causes serious bodily injury to another person **as the result of a violation of section 3802** (relating to driving under influence of alcohol or controlled substance) **and who is convicted of violating section 3802** commits a felony of the second degree when the violation is the cause of the injury.

75 Pa.C.S. § 3735.1(a) (emphasis added).

sentencing scheme of the trial court, we must remand so that the court can restructure its sentence plan. By contrast, if our decision does not alter the overall scheme, there is no need for a remand." **See Commonwealth v. Thur**, 906 A.2d 552, 569-70 (Pa. Super. 2006) (citation omitted).

As applied in the instant case, the trial court imposed Appellant's DUI sentence of 90 days to 12 months incarceration to be served concurrently with the significantly longer sentences of 30 to 60 months of incarceration for each count of Aggravated Assault-DUI, which the court imposed as consecutive sentences. Thus, vacating the shorter DUI sentence does not impact the overall sentence. Accordingly, we vacate Appellant's judgment of sentence for DUI, 75 Pa.C.S. § 3802(b), and affirm the judgment of sentence in all other respects.

Judgment of sentence at 75 Pa.C.S. § 3802 vacated. Judgment of sentence affirmed in all other respects. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/10/2023