J-S32020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHRISTOPHER LEWIS | |
| Appellant | No. 2669 EDA 2013 |

Appeal from the Judgment of Sentence August 7, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008400-2008

BEFORE: BOWES, J., MUNDY, J., and PLATT, J.[*]

MEMORANDUM BY MUNDY, J.: **FILED APRIL 15, 2016**

Appellant, Christopher Lewis, appeals *pro se* from the August 7, 2013 aggregate judgment of sentence of five to ten years' imprisonment, imposed after he was found guilty of one count each of possession with intent to deliver (PWID), intentional possession of a controlled substance, criminal conspiracy, and criminal use of a communication facility.[1] After careful review, we vacate and remand for resentencing.[2]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. §§ 780-113(a)(30), 780-113(a)(16), 18 Pa.C.S.A. §§ 903(a), and 7512a), respectively.

[2] On December 22, 2015, this Court granted the Commonwealth's motion for an extension of time to file its brief, setting a new deadline of February 17, 2016, with which the Commonwealth did not comply. Superior Court Order, 12/22/15, at 1. On March 7, 2016, the Commonwealth filed a motion for a
*(Footnote Continued Next Page)*

We summarize the relevant procedural history of this case as follows. On July 16, 2008, the Commonwealth filed an information, charging Appellant with the above-mentioned offenses, as well as one count of possession of an instrument of a crime (PIC).[3] On March 11, 2011, Appellant proceeded to a bench trial, at the conclusion of which, the trial court found Appellant guilty of PWID, intentional possession of a controlled substance, criminal conspiracy, and criminal use of a communication facility. The trial court found Appellant not guilty of PIC. On June 10, 2011, the trial court sentenced Appellant to three to eight years' imprisonment for PWID, a concurrent sentence of three to eight years' imprisonment for intentional possession of a controlled substance, and no further penalty on the remaining charges.

The Commonwealth filed a timely notice of appeal to this Court on June 27, 2011. The Commonwealth argued that the trial court erred when it did not impose the mandatory minimum sentence at Section 9712.1 of the Sentencing Code. We agreed, and on April 23, 2013, this Court vacated the judgment of sentence and remanded for resentencing, concluding that the trial court erred in failing to apply the mandatory minimum sentence.

_(Footnote Continued)_ _____

_nunc pro tunc_ extension of time to file its brief until March 21, 2016, which this Court granted on March 14, 2016. Superior Court Order, 3/14/16, at 1. Nevertheless, the Commonwealth has not filed a brief by the deadline it requested.

[3] 18 Pa.C.S.A. § 907(a).

*Commonwealth v. Lewis*, 75 A.3d 560 (Pa. Super. 2013) (unpublished memorandum at 8-9). On remand, the trial court complied with our mandate and sentenced Appellant, on August 7, 2013, to the mandatory minimum sentence of five to ten years' imprisonment for PWID, a concurrent five to ten years' imprisonment for intentional possession of a controlled substance, and no further penalty on the remaining charges. On September 6, 2013, Appellant filed a timely *pro se* notice of appeal.[4]

On appeal, Appellant raises the following four issues for our review.

> 1. Was the [trial c]ourt's procedure in determining if the mandatory minimum sentence applied improper as this issue must go before a jury?
>
> 2. Did the [trial court] at re-sentencing change or misapply the convictions for the imposition of the mandatory minimum sentence?
>
> 3. Did the [Commonwealth], at trial, sentencing & appeal, mislead the [trial] court as to the facts of the case to apply the mandatory minimum sentencing statute?
>
> 4. Was the evidence which was proven in court, sufficient for the application of the mandatory minimum sentencing statute?

---

[4] Appellant timely filed his concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). It appears that there is no Rule 1925(a) opinion for this appeal, as the original trial court judge has retired. In addition, although counsel was initially appointed for Appellant, on May 20, 2014, we remanded this case for a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998). At the conclusion of the *Grazier* hearing, the trial court permitted Appellant's request to proceed *pro se*.

Appellant's Brief at 3.

We address only Appellant's first issue, as it is dispositive of this appeal. Appellant argues that the imposition of the mandatory minimum sentence on remand violated his constitutional rights under the United States Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013).[5] Appellant's Brief at 10-11.

> At the outset, we note that issues pertaining to *Alleyne* go directly to the legality of the sentence. *Commonwealth v. Lawrence*, 99 A.3d 116, 123 (Pa. Super. 2014). With this in mind, we begin by noting our well-settled standard of review. "A challenge to the legality of a sentence … may be entertained as long as the reviewing court has jurisdiction." *Commonwealth v. Borovichka*, 18 A.3d 1242, 1254 n.8 (Pa. Super. 2011) (citation omitted). It is also well-established that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." *Commonwealth v. Rivera*, 95 A.3d 913, 915 (Pa. Super. 2014) (citation omitted). "An illegal sentence must be vacated." *Id.* "Issues relating to the legality of a sentence are questions of law[.] … Our standard of review over such questions is *de novo* and our scope of review is plenary." *Commonwealth v. Akbar*, 91 A.3d 227, 238 (Pa. Super. 2014) (citations omitted).

---

[5] We note that in the Commonwealth's prior appeal in this case, we held that the trial court erred in concluding the Commonwealth had not met its statutory burden for the imposition of the mandatory minimum sentence. *Lewis*, *supra*. At the time of our prior decision, *Alleyne* had not been decided and the law at the time was that the Sixth Amendment did not require mandatory minimum facts to be submitted to a jury and found beyond a reasonable doubt. *See generally Harris v. United States*, 536 U.S. 545, 563-568 (2002).

*Commonwealth v. Cardwell*, 105 A.3d 748, 750 (Pa. Super. 2014), *appeal denied*, 121 A.3d 494 (Pa. 2015).

Consistent with our prior mandate, the trial court imposed mandatory minimum sentences under Section 9712.1. N.T., 8/7/13, at 7. On June 17, 2013, 55 days after our prior memorandum in this case, the United States Supreme Court decided *Alleyne v. United States*, 133 S. Ct. 2151 (2013).

> In *Alleyne*, the Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury" and must be found beyond a reasonable doubt. *Alleyne*, *supra* at 2163. *Alleyne* is an extension of the Supreme Court's line of cases beginning with *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In *Alleyne*, the Court overruled *Harris v. United States*, 536 U.S. 545 (2002), in which the Court had reached the opposite conclusion, explaining that there is no constitutional distinction between judicial fact finding which raises the minimum sentence and that which raises the maximum sentence.

*Commonwealth v. Miller*, 102 A.3d 988, 994 (Pa. Super. 2014). "Although Appellant was convicted at a bench trial, under the Due Process Clause, he was still entitled to have the extra element of the aggravated offense found by the factfinder beyond a reasonable doubt pursuant to *Alleyne* and *In re Winship*, 397 U.S. 358 (1970)." *Cardwell*, *supra* at 751, *citing Alleyne*, *supra* at 2156.

In *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), this Court held that Section 9712.1 was facially unconstitutional. *Id.* at 102. As Section 9712.1 is unconstitutional on its face, there is no set of

circumstances in which the statute can be constitutionally applied. ***United States v. Salerno***, 481 U.S. 739, 745 (1987); ***accord Commonwealth v. McKown***, 79 A.3d 678, 687 (Pa. Super. 2013), *appeal denied*, 91 A.3d 162 (Pa. 2014). Therefore, because the trial court applied a facially unconstitutional statute when it resentenced Appellant, the resultant sentence was illegal.[6] ***See Rivera***, ***supra***. As our decision upsets the trial court's sentencing scheme, we must vacate the entire judgment of sentence and remand for resentencing. ***See generally Commonwealth v. Tanner***, 61 A.3d 1043, 1048 (Pa. Super. 2013).

Based on the foregoing, we conclude the trial court imposed an illegal sentence when it applied Section 9712.1 to Appellant, notwithstanding our prior judgment to the contrary. Accordingly, the trial court's August 7, 2013 judgment of sentence is vacated, and the case is remanded for resentencing without consideration of the mandatory minimum provision, consistent with this memorandum.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

---

[6] In light of our disposition, Appellant's remaining challenges to the mandatory minimum sentences are moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/15/2016