J-S50037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARKALE ALSAMAD SOWELL | |
| Appellant | No. 2079 MDA 2015 |

Appeal from the PCRA Order September 9, 2015
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0001643-2010

BEFORE:  MUNDY, J., STABILE, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED JUNE 29, 2016**

Appellant, Markale Alsamad Sowell, appeals *pro se* from the September 9, 2015 order denying his first petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.[1]  After careful review, we affirm.

We summarize the relevant procedural history of this case as follows. On August 3, 2011, a jury convicted Appellant of one count each of fleeing or attempting to allude a police officer, reckless driving, driving without a license, persons not to possess firearms, firearms not to be carried without a license, simple assault, and two counts of recklessly endangering another

---

[*] Former Justice specially assigned to the Superior Court.

[1] The Commonwealth elected not to file a brief in this matter.

person (REAP).[2]   On November 30, 2011, the trial court imposed an aggregate sentence of 8½ to 17 years' imprisonment.   Appellant filed a timely notice of appeal.   On November 26, 2013, this Court affirmed the judgment of sentence, and our Supreme Court denied Appellant's petition for allowance of appeal on July 30, 2014.  ***Commonwealth v. Sowell***, 91 A.3d 1296 (Pa. Super. 2013) (unpublished memorandum), *appeal denied*, 96 A.3d 1027 (Pa. 2014).   Appellant did not seek a writ of *certiorari* from the United States Supreme Court.

On September 29, 2014, Appellant filed the instant timely *pro se* PCRA petition.   The PCRA court appointed counsel, who subsequently filed a petition to withdraw as counsel along with a "no-merit" letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and their progeny.   Upon receiving the ***Turner***/***Finley*** letter, Appellant requested that he be permitted to proceed *pro se*.   After a colloquy, the PCRA court granted Appellant's request.   On August 4, 2015, the PCRA court entered an order notifying Appellant of its intention to dismiss his PCRA petition without a hearing under Pennsylvania Rule of Criminal Procedure 907.   Appellant filed a timely *pro se* response on August 24, 2015.   On September 9, 2015, the

---

[2] 75 Pa.C.S.A. §§ 3733, 3736, 1501; and 18 Pa.C.S.A. §§ 6105, 6106, 2701, 2705, respectively.

PCRA court entered an order denying Appellant's PCRA petition. On September 18, 2015, Appellant filed a timely *pro se* notice of appeal.[3]

On appeal, Appellant raises the following three issues for our review.

> I. Whether the trial court erred when it sentenced [Appellant] to a term of 18 to 36 months['] incarceration for a second offense [of] fleeing and eluding, specifically where [Appellant] has previously been convicted of fleeing and eluding[,] is it not against the statue [sic] to sentence [Appellant] to more than 6 months?
>
> II. Whether it was error to sentence [Appellant] on the charge of [REAP], when specifically the alleged victims of this charge failed to appear and have never appeared to be cross[-]examined and have their testimony entered, thereby convicting [Appellant] on mere hearsay testimony?
>
> III. Whether the [trial] court committed error when it held [sic] the verdict for the charges of [REAP] where one of the essential elements was not met, specifically the element of fear of death or bodily injury, as neither of the victims ever appeared at any of the proceedings and were otherwise available to do so?

Appellant's Brief at 3.[4]

---

[3] Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

[4] We note that Appellant's brief does not contain pagination. Therefore, we have assigned a page number to each corresponding page after the table of contents for the convenience of the reader.

We begin by noting our well-settled standard of review. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." **Commonwealth v. Robinson**, 82 A.3d 998, 1013 (Pa. 2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted).

In his first issue, Appellant argues that his sentence of 18 to 36 months' imprisonment for fleeing or eluding is illegal, because the statutory maximum was six months' imprisonment under 75 Pa.C.S.A. § 6503. Appellant's Brief at 7. It is axiomatic that "challenges to an illegal sentence can never be waived and may be reviewed *sua sponte* by this Court." **Commonwealth v. Tanner**, 61 A.3d 1043, 1046 (Pa. Super. 2013) (citation omitted). It is equally well-established that Pennsylvania law does not tolerate an illegal sentence, for "[a] challenge to the legality of a sentence … may be entertained as long as the reviewing court has

jurisdiction." ***Commonwealth v. Borovichka***, 18 A.3d 1242, 1254 (Pa. Super. 2011) (citation omitted). "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." ***Commonwealth v. Hopkins***, 67 A.3d 817, 821 (Pa. Super. 2013) (citation omitted). "An illegal sentence must be vacated." ***Id.*** "Issues relating to the legality of a sentence are questions of law[.] … Our standard of review over such questions is *de novo* and our scope of review is plenary." ***Commonwealth v. Akbar***, 91 A.3d 227, 238 (Pa. Super. 2014) (citations omitted).

It is true that at the time Appellant was sentenced, Section 6503 of the Motor Vehicle Code provided as follows.

**§ 6503. Subsequent convictions of certain offenses**

**(a) General offenses.--**Every person convicted of a second or subsequent violation of any of the following provisions shall be sentenced to pay a fine of not less than $200 nor more than $1,000 or to imprisonment for not more than six months, or both:

Section 1543(a) (relating to driving while operating privilege is suspended or revoked) except as set forth in subsection (a.1).

Section 3367 (relating to racing on highways).

Section 3733 (relating to fleeing or attempting to elude police officer).

Section 3734 (relating to driving without lights to avoid identification or arrest).

Section 3748 (relating to false reports).

75 Pa.C.S.A. § 6503(a).[5]  In this case, Appellant was sentenced under

Section 3733(a.2), which provides as follows.

> **§ 3733. Fleeing or attempting to elude police officer**
>
> …
>
> **(a.2) Grading.—**
>
> (1) Except as provided in paragraph (2), an offense under subsection (a) constitutes a misdemeanor of the second degree. Any driver upon conviction shall pay an additional fine of $500. This fine shall be in addition to and not in lieu of all other fines, court expenses, jail sentences or penalties.
>
> (2) An offense under subsection (a) constitutes a felony of the third degree if the driver while fleeing or attempting to elude a police officer does any of the following:
>
>> (i) commits a violation of section 3802 (relating to driving under influence of alcohol or controlled substance);
>>
>> (ii) crosses a State line; or
>>
>> (iii) endangers a law enforcement officer or member of the general public due to the driver engaging in a high-speed chase.

*Id.* § 3733(a.2).[6]

---

[5] On July 9, 2012, the General Assembly amended Section 6503(a) to remove Section 3733 from its text.

[6] On direct appeal, we previously noted that "[Appellant] took the police on a high[-]speed chase through busy intersections in the City of Williamsport." *(Footnote Continued Next Page)*

This Court already considered and rejected Appellant's argument in *Commonwealth v. Bowen*, 55 A.3d 1254 (Pa. Super. 2012), *appeal denied*, 64 A.3d 630 (Pa. 2013). In *Bowen*, this Court undertook an extensive analysis of Sections 3733(a.2) and 6503. At the conclusion of which, this Court held that "the General Assembly created Section 3733(a.2)(2) to add an aggravated offense level to the crime of fleeing or attempting to elude police." *Id.* at 1269-1270. We concluded that Section 3733(a.2) is a specific provision which controls the more general provision at Section 6503. *Id.* at 1270. Therefore, in such cases, we concluded that the statutory maximum sentence was not six months' imprisonment pursuant to Section 6503, as Appellant argues here. *Id.* As Appellant's argument is foreclosed by *Bowen*, we conclude Appellant's sentence is not illegal.[7]

We address Appellant's remaining two issues together, as his brief does so as well. Appellant argues that the Commonwealth failed to meet its burden in proving REAP because "neither victim of this crime had given a

_(Footnote Continued)_ ────────────

*Sowell*, *supra* at 2 (some brackets added), *quoting* Trial Court Opinion, 11/30/12, at 1-2. The jury explicitly made this finding on its verdict slip. N.T., 8/3/11, at 28.

[7] Appellant acknowledges *Bowen*, but baldly states that we should ignore it because it was decided subsequent to his sentence. Appellant's Brief at 8. We decline Appellant's invitation to ignore a binding case that is directly on point, which incidentally was decided while Appellant's direct appeal was pending.

statement, appeared at court, or testified as to any part of this crime[.]" Appellant's Brief at 9.

In order to be eligible for relief under the PCRA, the statute requires the petitioner to show the following by a preponderance of the evidence.

> **§ 9543. Eligibility for relief**
>
> **(a) General rule.--**To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> …
>
> (2) That the conviction or sentence resulted from one or more of the following:
>
>> (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> …
>
> (3) That the allegation of error has not been previously litigated or waived.
>
> …

42 Pa.C.S.A. § 9543(a). An issue is waived under the PCRA "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." *Id.* § 9544(b).

Here, Appellant's challenge to the sufficiency of the Commonwealth's evidence could have been raised on direct appeal, but was not. ***See generally*** Pa.R.Crim.P. 606(A)(7). Therefore, Appellant's second and third issues are waived under the parameters of the PCRA.[8] ***See*** 42 Pa.C.S.A. §§ 9543(a), 9544(b); ***accord Commonwealth v. Rachak***, 62 A.3d 389, 391 (Pa. Super. 2012), *appeal denied*, 67 A.3d 796 (Pa. 2013).

Based on the foregoing, we conclude all of Appellant's issues are either devoid of merit or waived. Accordingly, the PCRA court's September 9, 2015 order is affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/29/2016

---

[8] We note that Appellant referenced this issue on direct appeal as an alleged violation of the Confrontation Clause, and we found it to be without merit. ***Sowell***, ***supra*** at 10-11.