J-S12026-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                             :  PENNSYLVANIA
                                             :
                  v.                             :
                                             :
                                             :
KIRK KAPEACE GILLUMS            :
                                             :
             Appellant          :  No. 1601 EDA 2019

Appeal from the Judgment of Sentence Entered May 13, 2019
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0001985-2019

BEFORE:   SHOGAN, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY McCAFFERY, J.:          **FILED APRIL 13, 2020**

    Kirk Kapeace Gillums (Appellant) appeals *pro se* from the judgment of sentence entered in the Bucks County Court of Common Pleas following his entry of a negotiated *nolo contendere* plea.  We conclude Appellant's court-appointed counsel was *per se* ineffective for failing to file a trial court-ordered Pa.R.A.P. 1925(b) statement, which has resulted in the waiver of Appellant's issues on appeal.  We thus remand to the trial court to appoint new counsel

_____

[*] Retired Senior Judge assigned to the Superior Court.

or permit Appellant to proceed *pro* se following a ***Grazier***[1] hearing, and to allow Appellant to file a Rule 1925(b) statement *nunc pro tunc*.

On May 13, 2019, Appellant entered a negotiated *nolo contendere* plea to indecent assault,[2] simple assault, and theft by unlawful taking.[3] He was represented by Bucks County Assistant Public Defender Bradley Bastedo, Esq. The trial court immediately imposed an aggregate sentence of two to four years' imprisonment, to be followed by three years' probation.[4] The court also ordered Appellant to comply with SORNA registration for a period of 15 years.[5] N.T., *Nolo Contendere* Plea & Sentencing H'rg, 5/13/19, at 18. We note that at the time of this hearing, Appellant was serving a sentence in Connecticut, and would be remanded to the Connecticut prison. ***Id.*** at 20, 29.

---

[1] ***See Commonwealth v. Grazier***, 713 A.2d 81, 82 (Pa. 1998) (when waiver of right to counsel is sought at appellate stage, on-the-record determination should be made that waiver is knowing, intelligent, and voluntary).

[2] 18 Pa.C.S. § 3126(a)(1).

[3] 18 Pa.C.S. §§ 2701(a)(1), 3921(a).

[4] The sentences were: (1) two consecutive terms of one to two years' imprisonment, for indecent assault and simple assault; and (2) a consecutive three years' probation for theft by unlawful taking. The trial court also imposed restitution in the amount of $2,264.12.

[5] Pennsylvania Sex Offender Registration and Notification Act, 42 Pa.C.S. §§ 9799.10 to 9799.42. ***See*** 42 Pa.C.S. §§ 9799.14(b)(6) (classifying indecent assault as Tier I offense), 9799.15(a)(1) (requiring Tier I offender to register for 15 years).

We review in detail the ensuing procedural history. On May 28, 2019, Appellant filed a *pro se* notice of appeal.[6] The trial court properly entered the notice of appeal on the docket and forwarded notice to Attorney Bastedo. ***See*** Pa.R.Crim.P. 576(A)(4) (if represented criminal defendant submits for filing a written notice that has not been signed by his attorney, clerk of courts shall accept it for filing, and copy of time-stamped document shall be forwarded to defendant's attorney and Commonwealth within 10 days). On June 3, 2019, the trial court directed Appellant to file, within 21 days, a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

Meanwhile, on June 11, 2019, Appellant's notice of appeal was docketed in this Court. ***See*** Superior Ct. O.P. § 65.24 (*pro se* notice of appeal received from trial court shall be docketed, even where appellant is represented by counsel). On June 19th, Attorney Bastedo filed: (1) in the trial court, a timely petition for an extension of time to file a Rule 1925(b) statement; and (2) in this Court, a petition for extension of time to file a docketing statement (which was due June 25th). In both petitions, counsel averred: Appellant was remanded to his Connecticut prison; counsel mailed a letter to Appellant but received no response; and counsel was unable to complete either a Rule

---

[6] Attorney Bastedo subsequently averred he was not aware Appellant would file a *pro se* notice of appeal. Appellant's Petition for Extension of Time to File Docketing Statement, 6/19/19, at 1; Appellant's Petition for Extension of Time to Statement of Matters Complained of on Appeal, 6/19/19, at 1.

1925(b) statement or a docketing statement because he could not yet discern from Appellant the issues he wished to raise on appeal.

The trial court granted counsel's request to extend the time for filing a Rule 1925(b) petition. Order, 6/24/19 (extending deadline to July 24, 2019). We note at this juncture, however, that no Rule 1925(b) statement was ever filed. On August 2, 2019, the trial court issued an opinion, which did not address Appellant's claims, but suggested they be deemed waived for failure to comply with the court's Rule 1925(b) order. The trial docket reflects this opinion was served on Attorney Bastedo.

On June 25, 2019 — the date Appellant's docketing statement was due — Attorney Bastedo filed a timely docketing statement, which again averred he had not made contact with Appellant and thus did not know the issues Appellant wished to pursue on appeal.[7] On September 19th, Attorney Bastedo filed an application for extension of time to file a brief, which this Court granted the following day.

On September 23, 2019, Appellant filed an application in this Court to proceed *pro* se. In response, this Court issued a *per curiam* order on October

---

[7] Subsequently, on July 2, 2019, this Court denied as moot Attorney Bastedo's application for extension to file a docketing statement, stating he had timely filed one on June 25th. Additionally, on August 29th, this Court sent a **Jette** letter to counsel, enclosing documents received from Appellant. **See Commonwealth v. Jette**, 23 A.3d 1032, 1044 (Pa. 2011) (proper response to any *pro se* pleading is to refer pleading to counsel, and to take no further action on *pro se* pleading unless counsel forwards a motion).

15th, directing the trial court to conduct a *Grazier* hearing and determine whether Appellant's waiver of counsel was knowing, intelligent, and voluntary. The court filed a response on November 20th, explaining it had held a *Grazier* hearing and that Appellant was to proceed *pro se*. The court also indicated that it dismissed Attorney Bastedo as counsel.

Thereafter, Appellant filed a *pro se* brief, raising various issues for our review,[8] including a claim that Attorney Bastedo provided ineffective assistance of counsel by failing to file a Rule 1925(b) statement as directed. Appellant avers he did not receive any communication from Attorney Bastedo, and that he was not aware the trial court had issued a Rule 1925(b) order nor that Attorney Bastedo failed to comply with it.[9] Appellant's Brief at 2-3. Appellant claims that because of Attorney Bastedo's "negligence," he should be permitted, in the interest of justice, to proceed with an appeal. *Id.* at 4.

The Commonwealth acknowledges that the failure to file a Rule 1925(b) statement, and consequent waiver of all claims, does not appear to have been

---

[8] Appellant avers: (1) his sentence was illegal because he was not given credit for time served and his sentence exceeded the lawful maximum; (2) the trial court abused its discretion in imposing sentence; (3) his sentences for indecent assault and simple assault should have merged; (4) "the protected activities encompassed by the [indecent assault] statute were not evinced by the facts of the case;" (5) Attorney Bastedo did not advise him that he would be subject to SORNA. Appellant's Brief at 5-10, 13.

[9] Appellant avers on appeal that on June 3, 2019 — the day the trial court issued its Pa.R.A.P. 1925(b) order — he was transferred to the Connecticut prison and did not receive notice of the order. Appellant's Brief at 2.

caused by any fault of Appellant.  Commonwealth's Brief at 7.  Thus, it requests a remand to the trial court to allow Appellant to file a Rule 1925(b) statement *nunc pro tunc*.  We agree.

Our Supreme Court has recently stated:

> In **Commonwealth v. Lord**, . . . 719 A.2d 306 (Pa. 1998), . . . our Court held that all appellants must file a Rule 1925(b) statement, if ordered to do so by the trial court, enumerating all issues they wish to have the appellate court consider, or those issues will be deemed waived for appellate review.

**Commonwealth v. Parrish**, \_\_\_ A.3d \_\_\_, \_\_\_, 2020 WL 355016 at *8 (Pa. Jan. 22, 2020).  **See also** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").  Furthermore:

> If an appellant represented by counsel in a criminal case was ordered to file a Statement and failed to do so or filed an untimely Statement, such that the appellate court is convinced that counsel has been *per se* ineffective, and the trial court did not file an opinion, the appellate court may remand for appointment of new counsel, the filing of a Statement *nunc pro tunc*, and the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3).

As stated above, Attorney Bastedo did not file a Rule 1925(b) statement, as directed by the trial court.  Furthermore, the trial court has not addressed the merits of the claims Appellant wishes to present on appeal.  While the certified record and our docket indicate Attorney Bastedo apprised the courts of his unsuccessful attempts to communicate with Appellant, we would nevertheless be constrained to conclude, on the record before us, that

Appellant's issues were waived due to the lack of a court-ordered Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b)(4)(vii); **Parrish**, ___ A.3d ___, ___, 2020 WL 355016 at *8; Trial Ct. Op., 8/9/19, at 2. This **complete** foreclosure of appellate review supports a finding of ineffectiveness *per se*, for which Appellant is entitled to immediate relief.[10] **See Commonwealth v. Rosado**, 150 A.3d 425, 433-34 (Pa. 2016) (errors which completely foreclose appellate review amount to constructive denial of counsel and thus ineffective assistance of counsel *per se*, whereas those which only partially foreclose such review are subject to ordinary **Strickland**/**Pierce**[11] framework).

That the trial court subsequently conducted — admittedly pursuant to this Court's October 15, 2019, *per curiam* order — a **Grazier** hearing and concluded Appellant may proceed *pro se* is of no moment. Without addressing Attorney Bastedo's *per se* ineffective assistance in not filing a Rule 1925(b)

---

[10] Appellant correctly points out that an illegal sentence claim can never be waived. **See Commonwealth v. Tanner**, 61 A.3d 1043, 1046 (Pa. Super. 2013); Appellant's Brief at 5. Nevertheless, in light of the record before us, we decline to accept some issues for review and find other issues waived. In the interest of justice, we remand for, *inter alia*, Appellant to file a Rule 1925(b) statement *nunc pro tunc*, which may include any proper issue he wishes to pursue.

[11] **See Strickland v. Washington**, 466 U.S. 668 (1984); **Commonwealth v. Pierce**, 527 A.2d 973, 975 (Pa. 1987) (ineffective assistance of counsel claim must establish: (1) underlying claim is of arguable merit; (2) counsel's action or inaction lacked reasonable strategic basis; and (3) but for counsel's conduct, there is reasonable probability that outcome of proceedings would have been different).

statement, we would be constrained to find Appellant's issues waived. Thus, we decline to quash this appeal, and instead conclude Appellant is entitled to immediate relief. **See** Pa.R.A.P. 1925(c)(3); **Parrish**, ___ A.3d ___, ___, 2020 WL 355016 at *8.

In light of the foregoing, and in the interest of ensuring Appellant's constitutional rights to an appeal and to counsel[12] are not abridged, we remand this matter to the trial court to: (1) to conduct a new **Grazier** hearing to determine whether Appellant wishes to proceed *pro se*; (2) appoint new counsel to represent Appellant if Appellant so desires; and (3) allow Appellant, whether proceeding *pro se* or with new counsel, to file a Rule 1925(b) statement *nunc pro tunc*.

We direct our Prothonotary to forward a copy of this memorandum to Attorney Bastedo, last associated with the Bucks County Public Defender's office.

Case remanded with instructions. Jurisdiction retained.

---

[12] **See** PA.CONST. Art. V, § 9 ("[T]here shall . . . be a right of appeal from a court of record . . . to an appellate court[.]"); **Rosado**, 150 A.3d at 429 ("It is axiomatic that the right to counsel includes the concomitant right to effective assistance of counsel.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/20