**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TIMOTHY MACK | : | |
| | : | |
| Appellant | : | No. 1438 EDA 2023 |

Appeal from the Judgment of Sentence Entered March 10, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005715-2021

BEFORE: PANELLA, P.J.E., NICHOLS, J., and BECK, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED SEPTEMBER 4, 2024**

Appellant Timothy Mack appeals from the judgment of sentence imposed after he pled guilty to Driving Under the Influence (DUI) and related offenses. Appellant raises claims concerning both the legality and the discretionary aspects of his sentence. Following our review, we vacate Appellant's sentence for DUI and affirm the judgment of sentence in all other respects.

The trial court summarized the underlying facts of this matter as follows:

On April 10th of 2021, at approximately 9:38 p.m., [Appellant] was driving a red Chrysler minivan on Ellsworth Street in the City and County of Philadelphia. Ellsworth is a one-lane, one-way street with parking on both sides. As he approached 18th Street, he struck two parked cars and knocked the driver's [side] mirrors off. He then went to the intersection of Ellsworth and 18th Streets and struck the complainant, Kris McKinnon, who was walking her [friend's] dog and crossing Ellsworth Street. Her body landed approximately 60 feet from the point of impact. After striking the complainant, [Appellant] crashed into two parked cars moving

both of the cars onto the sidewalk. When officers arrived on the scene a few minutes later, the red minivan was unoccupied. Witnesses told the officers that two males had exited the van and ran away. Officers found the complainant lying in the middle of the street bleeding from the head. She was taken to Jefferson Hospital in critical condition.

Approximately 35 minutes later, [Appellant] and his brother, Azim Simpson, walked up to Officer Kane and stated they were in the car that had crashed. [Appellant] told the officer that he had been driving. Mr. Simpson also told the officer that [Appellant] had been driving. Officer Kane noticed an odor of alcohol coming from both of them. Both [Appellant] and Mr. Simpson were taken to [Accident Investigation Division ("AID")] Headquarters to be interviewed. Officer Dunbar interviewed [Appellant]. After he was given his **Miranda**[1] warnings, [Appellant] told the officer that he was driving the red van involved in the accident. It was his brother's car and he had driven it a couple times. He did not remember the crash. He remembered driving on Ellsworth Street and the next thing he remembered was waking up to the airbags deployed in his face. He realized he hit someone and got out of the car, but did not check on the person. He stated he didn't have a chance to. Officer Dunbar noticed that [Appellant] appeared sluggish, with red eyes, slow movements, also an odor of marijuana coming from his person. [Appellant] was arrested for driving under the influence and was seen by AID Officer Zirilli who read to [Appellant] his DL-26[B] Warnings and asked [Appellant] to consent to a blood draw. [Appellant] gave his consent and two [t]ubes of blood were drawn and placed on a property receipt and submitted to the drug [lab] for analysis.

If this matter went to trial Dr. Richard Cohen, an expert in pharmacology and toxicology, would tell this court he examined the blood drawn from [Appellant] and authored the toxicology report and found 10 nanograms of marijuana constituent, 77 nanograms of marijuana metabolite, 34 nanograms of methamphetamine, and 34 nanograms of Oxycodone in [Appellant's] blood. Dr. Cohen concluded to a reasonable degree of medical certainty that [Appellant] was a recent user of marijuana, methamphetamine, and Oxycodone and [had] taken them concomitantly or in close time to one another in significant dosage amounts and was under the influence of those agents and

---

[1] **Miranda v. Arizona**, 384 U.S. 436 (1966).

was not capable of safely operating a motor vehicle on this highway. AID Officer Beardsmith interviewed Mr. Simpson, who told officers that his brother, [Appellant], was driving his van at the time of the accident. When he got out of the van, he saw the girl that was struck. He and his brother went to their mother's home, but his sister drove them back to the scene.

The complainant in this matter, Kris McKinnon, age 32, was taken to Jefferson Emergency Room, where she was found to be suffering from an epidural [] hematoma, which is a blood clot in the brain. CAT scans also showed rapid bleeding in the brain, part of her skull was removed to relieve the pressure on the brain. The bleeding in the brain was stopped. She also suffered from multiple skull fractures, fracture[s] of the C-spine, of the pelvis, of the right knee. She was in a minimally conscious state for months, only emerged from that state at the end of 2021. She's gone to Jefferson Hospital several times for complications caused from the traumatic brain injury including infection to the central nervous system in the brain. To this day, she cannot take care of herself. She's been in the hospital, rehab, or assist[ed] living facilities ever since this incident and she is unable to communicate in any way.

If this matter had gone to trial, prison calls made by [Appellant] would have been introduced, in which [Appellant] asks family members how the lady is doing. [Appellant's] wife in the prison call said [Appellant] must have fallen asleep behind the wheel when he hit the lady and the cars. [Appellant] agreed that's probably what happened. He also told his uncle to try to find out if the lady is conscious because he wanted to send her a basket or something. He has another conversation with his grandmother where she said it's an accident, it's not like you hurt this woman on purpose and [Appellant] agreed. Another conversation with [Appellant's wife] where she says if he listened to her in the first place, he wouldn't have been driving the car and wouldn't be in this position. [Appellant] agreed. [Appellant's] wife then yelled at him for taking Percocet while driving.

Trial Ct. Op., 8/16/23, at 2-3.

On December 19, 2022, Appellant pled guilty to aggravated assault by vehicle while DUI, accidents involving death or personal injury, DUI, simple

assault, and recklessly endangering another person (REAP).[2] Sentencing was deferred for a pre-sentence investigation (PSI) report and a mental health evaluation.

On March 10, 2023, the trial court sentenced Appellant to an aggregate term of five to eighteen years of incarceration. Specifically, the trial court imposed consecutive terms of incarceration as follows: three to ten years for aggravated assault by vehicle while DUI, one to two years for REAP, one to six years for accident involving death or personal injury, with a concurrent sentence of one to six months' incarceration for DUI.[3]

Appellant filed a motion for reconsideration, which the trial court denied. Appellant subsequently filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued an opinion addressing Appellant's claims.

On appeal, Appellant raises the following issues for review:

1. Did the [trial] court err by imposing a manifestly excessive and unreasonable sentence of five to eighteen years' incarceration

---

[2] 75 Pa.C.S. § 3735.1(a), 75 Pa.C.S. § 3742(a), 75 Pa.C.S. § 3802(d)(2); 18 Pa.C.S. 2701(a), and 18 Pa.C.S. § 2705, respectively.

[3] At the time of sentencing, Appellant's prior record score (PRS) was a zero. With the exception of the sentence for REAP, all of Appellant's individual sentences were within the sentencing guidelines.

With respect to REAP, the guidelines set forth a standard minimum sentence of restorative sanctions to three months, plus or minus three months for mitigating or aggravating circumstances. Appellant's one-to-two-year sentence exceeded the aggravated minimum guideline range by eight months, but did not exceed the two-year statutory maximum for a second-degree misdemeanor.

where the sentence was based solely on the severity of the complainant's injuries and the [trial] court ignored the significant mitigation presented at the sentencing hearing?

2. Did the [trial] court violate the Sentencing Code by imposing a sentence above the aggravated range of the sentencing guidelines without stating its reasons for an upward departure either at the sentencing hearing or in a contemporaneous written statement?

3. Did the [trial] court impose an illegal sentence by failing to merge the charge of driving under the influence, 75 Pa.C.S. § 3802(d)(2), with the charge of aggravated assault by vehicle while driving under the influence, 75 Pa.C.S. § 3735.1?

Appellant's Brief at 3.

**Discretionary Aspects of Sentence**

Appellant's first two claims relate to the discretionary aspects of his sentence. First, Appellant argues that the trial court failed to consider mitigating factors, such as Appellant's "unstable and troubled childhood, his acceptance of responsibility, his remorse, and his need for rehabilitation." *Id.* at 16. Instead, Appellant claims that the trial court "focused exclusively on the impact of [Appellant's] actions on the victim" which resulted in a "manifestly excessive and unreasonable sentence." *Id.* Appellant also argues that the trial court abused its discretion by imposing a sentence of one to two years' incarceration for REAP "because the sentence was well above the aggravated range of the sentencing guidelines and the lower court did not cite any aggravating circumstances to justify the departure." *Id.* at 22. Therefore, Appellant requests that we vacate his sentence and remand the matter for resentencing. *Id.* at 24.

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Derry**, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

**Commonwealth v. Corley**, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." **Commonwealth v. Malovich**, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); **see also** Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." **Commonwealth v. Battles**, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific

provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Grays*, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Here, the record reflects that Appellant preserved his sentencing claims by raising them in his post-sentence motion, filing a timely notice of appeal and a court-ordered Rule 1925(b) statement, and including a Rule 2119(f) statement in his brief. *See Corley*, 31 A.3d at 296. Further, Appellant's claims each raise a substantial question for our review. *See Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (concluding that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question" (citation omitted)); *See Commonwealth v. Eby*, 784 A.2d 204, 206 (Pa. Super. 2001) (stating that "[a] claim that the sentencing court imposed an unreasonable sentence by sentencing outside the guidelines presents a 'substantial question' for our review"). Therefore, we will review the merits of Appellant's claims.

Our well-settled standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d). Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any [PSI].

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

*Raven*, 97 A.3d at 1253-54 (citation omitted).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public, [the] gravity of [the] offense in relation to [the] impact on [the] victim and [the] community, and [the] rehabilitative needs of the defendant[.]"

*Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted and formatting altered). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Schutzues*, 54 A.3d 86, 99 (Pa. Super. 2012) (citations omitted). Additionally, the trial court "must consider the sentencing guidelines." *Fullin*, 892 A.2d at 848 (citation omitted).

However, "where the trial court is informed by a PSI [report], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Edwards*, 194 A.3d 625, 638 (Pa. Super. 2018) (citation omitted and formatting altered).

> When applying the sentencing guidelines, this Court has explained that
>
> the sentencing court is required to consider the sentence ranges set forth in the sentencing guidelines, but it [is] not bound by the sentencing guidelines. The court may deviate from the recommended guidelines; they are merely one factor among many that the court must consider in imposing a sentence. A court may depart from the guidelines if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community. When a court chooses to depart from the guidelines[,] however, it must demonstrate on the record, as a proper starting point, [its] awareness of the sentencing guidelines. Further, the court must "provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines." 42 Pa.C.S. § 9721(b).

***Commonwealth v. Sheller***, 961 A.2d 187, 190 (Pa. Super. 2008) (some citations omitted and formatting altered). However, "all that a trial court must do to comply with [these] procedural requirements is to state adequate reasons for the imposition of sentence on the record in open court." ***Commonwealth v. Antidormi***, 84 A.3d 736, 760 (Pa. Super. 2014) (citations omitted).

The balancing of the sentencing factors is the sole province of the sentencing court, which has the opportunity to observe the defendant and all witnesses firsthand. ***See Commonwealth v. Kurtz***, 294 A.3d 509, 536 (Pa. Super. 2023), *appeal granted on other grounds*, 306 A.3d 1287 (Pa. 2023). In conducting appellate review, this Court "cannot reweigh sentencing factors and impose judgment in place of sentencing court where lower court was fully aware of all mitigating factors[.]" ***Id.*** (citation omitted).

"Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. [An a]ppellant is not entitled to a 'volume discount' on his multiple convictions by the imposition of concurrent sentences." ***Commonwealth v. Brown***, 249 A.3d 1206, 1216 (Pa. Super. 2021) (citations omitted and formatting altered).

Here, at sentencing, the trial court heard arguments from both parties, along with extensive testimony from the victim's family members and Appellant. ***See*** N.T. Sentencing Hr'g, 3/10/23, at 1-107. After a brief recess, the trial court explained:

In coming up with a sentence for [Appellant], the court has considered his [PSI report] along with the mental health evaluation and the court has considered the protection of the public, the gravity of this offense as it relates to the impact on the life of the victim and on the community as shown through her family and friends. The court has considered [Appellant's] rehabilitative needs and sentencing guidelines. The court has considered the fact that [Appellant] did accept responsibility by pleading guilty and that as per his [PSI report], the challenges that he had while growing up, in addition to his mental health difficulties. The court has considered the Commonwealth's sentencing memorandum, the 85 pages of victim impact letters, and the testimony from the family and friends here today in the courtroom. I think [the victim] is lucky to have the support and friendship of everyone in this courtroom. I believe it was [the victim's uncle] who talked about the court having to struggle to determine what is an appropriate sentence in this case, and this is, in fact, a struggle today. [Appellant's] decision to drive while high on drugs that night impacted so much. It impacted the family and friends of [the victim], businesses, friendships, and it has an impact financially.

*Id.* at 109.

In its Rule 1925(a) opinion, the trial court further explained:

[T]he record demonstrates that the court considered all the pertinent factors and circumstances of this case, and thoroughly explained its rationale prior to imposing sentence.

Specifically, in addition to [Appellant's] PSI report, mental health evaluation, the Commonwealth's sentencing memorandum and the Sentencing Guidelines, the court duly considered the protection of the public, the gravity of the offenses as it relates to the impact on the community, the catastrophic impact on the victim including the 85 pages of letters from the victim's family members and their extensive testimony at sentencing, the character and condition of [Appellant], his family background and upbringing, as well as [Appellant's] acceptance of responsibility and need for rehabilitation.[fn1] *See* N.T. [Sentencing Hr'g] at 3-112.

[fn1] While [Appellant] ultimately accepted responsibility for his actions by pleading guilty, he did so after unsuccessfully

- 11 -

litigating a motion to suppress his statement to police, and further, after initially fleeing the scene of the accident without checking on [the victim] who lay bleeding and unresponsive in the street.

Indeed, contrary to [Appellant's] contention, the court explicitly considered all the appropriate factors prior to imposing sentence . . . [*See*] N.T. [Sentencing Hr'g] at 108-109.

Thus, the record demonstrates that the court duly considered all relevant factors and circumstances prior to imposing a sentence tailored to this particular defendant. Accordingly, [Appellant's] claim is without merit.

[Appellant] also faults the court for "imposing a minimum sentence for aggravated assault while DUI that was at the top of the aggravated range of the sentencing guidelines, and for imposing minimum sentences for [REAP] and accidents involving death or personal injury that were above the aggravated range of the sentencing guidelines." This claim fails.

At the outset it must be observed that the court imposed sentences within the guideline ranges for both aggravated assault while DUI and accidents involving death or personal injury. Specifically, with regard to aggravated assault while DUI, the guidelines recommended a minimum term of 12-24 months +/- 12, and the court imposed a minimum sentence within that framework (36 months). Likewise, as to accidents involving death or personal injury, the guidelines recommended a minimum term of RS-9 months +/- 3, and the court imposed a minimum sentence within that framework (12 months).

As such, the court only "departed" from the guidelines with respect to [Appellant's] sentence for REAP -- *i.e.*, whereas the guidelines recommended a minimum term of RS-1 +/- 3 months, the court imposed a minimum term of 12 months' incarceration. As noted above, however, the guidelines are not binding, they are merely advisory in nature. ***See Commonwealth v. Walls***, 926 A.2d [957,] 964-965 [(Pa. 2007)] ("[W]e reaffirm that the guidelines have no binding effect, create no presumption in sentencing, and do not predominate over other sentencing factors -- they are advisory guideposts . . . they recommend, however, rather than require a particular sentence."); ***Commonwealth v. Yuhasz***, 923 A.2d [1111,] 1118 [(Pa. 2007)] (court may deviate from the recommended guidelines as they are "merely one factor

- 12 -

among many that the court must consider in imposing a sentence").

Moreover, as previously discussed, the court painstakingly considered all the pertinent factors and circumstances of this case, and provided ample reasons for its sentence, which it carefully tailored to [Appellant]. *See* N.T. 3/10/23 at 3-112. Accordingly, [Appellant's] contention that the court abused its discretion in fashioning its sentence is wholly refuted by the record.

Trial Ct. Op. at 7-10 (some formatting altered, some footnotes omitted).

Based on our review of the record, we discern no abuse of discretion by the trial court. *See Raven*, 97 A.3d at 1253. The record reflects that the trial court ordered a PSI report, which it reviewed prior to sentencing. *See* N.T. Sentencing Hr'g at 4, 108. Therefore, we presume that the trial court was aware of the mitigating factors and considered them when imposing Appellant's sentence. *See Edwards*, 194 A.3d at 638; *see also Kurtz*, 294 A.3d at 536. Additionally, the trial court explicitly considered the appropriate sentencing factors and explained the reasons for imposing Appellant's sentence. We will not re-weigh those factors on appeal. *See Kurtz*, 294 A.3d at 536; *Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009) (explaining that the appellate court cannot reweigh sentencing factors and impose its judgment in place of sentencing court where lower court was fully aware of all mitigating factors).

Further, all of Appellant's individual sentences were within the sentencing guidelines except for REAP, and as stated, the trial court thoroughly explained its considerations of the guidelines and relevant sentencing factors in crafting the sentence imposed. Therefore, we have no

basis to conclude that Appellant's sentence was unreasonable. *See Antidormi*, 84 A.3d at 760; *see also Raven*, 97 A.3d at 1254. Accordingly, Appellant is not entitled to relief.

**Legality of Sentence**

Appellant argues that the trial court imposed an illegal sentence because his convictions for DUI and aggravated assault by vehicle while DUI should have merged for sentencing purposes. Appellant's Brief at 25. Appellant also contends that although he completed his six-month sentence for the DUI charge, "other parts of his sentence for DUI have not yet been completed." *Id.* at 25. Specifically, he reiterates that "he was ordered to pay a $1,000 fine, complete a drug and alcohol assessment, attend alcohol highway safety school, serve a 12-month driver's license suspension, and submit to 1 year of driving with an ignition interlock device." *Id.* at 25-26. Therefore, Appellant contends that "he continues to suffer direct criminal consequences" and the trial court erred in concluding that his claim was moot. *Id.* at 26.

The Commonwealth responds that Appellant's claim is moot because he has "served his six-month sentence for DUI, as he was sentenced over ten months ago, and his DUI sentence was ordered to run concurrent with his other sentences" and "[n]o additional conditions were imposed for his DUI sentence." Commonwealth's Brief at 16-17.

The issue of whether convictions merge for sentencing purposes implicates the legality of a sentence. *See Commonwealth v. Baldwin*, 985

A.2d 830, 833 (Pa. 2009). Therefore, our standard of review is *de novo* and our scope of review is plenary. ***See id.***

Our Supreme Court has explained that Section 9765 of the Sentencing Code "prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." ***Id.*** (citing 42 Pa.C.S. § 9765). "Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense." 42 Pa.C.S. § 9765. "To determine whether offenses are greater and lesser-included offenses, we compare the elements of the offenses." ***Commonwealth v. Watson***, 228 A.3d 928, 941 (Pa. Super. 2020) (citations omitted). "If both crimes require proof of at least one element that the other does not, then the sentences do not merge." ***Id.*** (citations omitted). Further, it is well settled that a DUI conviction merges with aggravated assault by vehicle while DUI for sentencing purposes. ***See Commonwealth v. Schmohl***, 975 A.2d 1144, 1150 (Pa. Super. 2009).

However, our Supreme Court has held that the criminal doctrine of merger was not applicable in the civil arena of operating privilege suspensions, and thus Department of Transportation (DOT) could impose multiple license suspensions on a driver, and there is no merger of the collateral consequences. ***See Bell v. Commonwealth, Dep't of Transp., Bureau of Driver Licensing***, 96 A.3d 1005 (Pa. 2014).

Finally, this court has held that when a defendant completes a sentence, he is no longer subject to any direct criminal or civil consequences thereto, and thus any challenge to the sentence is incapable of review and moot. *See Schmohl*, 975 A.2d at 1150; *see also Commonwealth v. King*, 786 A.2d 993, 996-97 (Pa. Super. 2001).

Here, the trial court concluded that Appellant's claim was moot because he was no longer serving his sentence for DUI. Specifically, the trial court explained:

> [Appellant] contends that the court imposed an illegal sentence for DUI, which should have merged with his sentence for aggravated assault while DUI. While the court is constrained to agree with [Appellant], the court submits that the issue has been rendered moot.
>
> At sentencing, counsel noted that DUI should merge with aggravated assault while DUI for sentencing purposes, however, the parties were satisfied with the court's sentence of 1 to 6 months' incarceration because it was run concurrently and thus did not upset the overall sentencing scheme:
>
> > THE COURT: So count 7 you're saying should be merged?
> >
> > MR. KRANTZ [COUNSEL FOR DEFENDANT]: I would argue, yes.
> >
> > THE COURT: Do you have any argument on that, Ms. Chung?
> >
> > MS. CHUNG [ASSISTANT D.A.]: Your Honor, since it was to run concurrent anyway, I have no argument, no.
> >
> > THE COURT: But isn't that like a mandatory 72 hours minimum?
> >
> > MR. KRANTZ: Your Honor, I believe you said that the DUI was concurrent with the REAP, but that was consecutive to the aggravated assault while DUI. So I believe that would make the sentence on the DUI run consecutively to the

- 16 -

aggravated assault while DUI, which I believe it merges. For the simple assault and DUI, **I would ask Your Honor to whatever sentence you make, to make it run concurrent with the aggravated assault while DUI** because I believe it merges.

THE COURT: All right. So count 7, the DUI is one month to six months concurrent.

N.T. [Sentencing Hr'g] at 110-111 (emphasis added).

The court nonetheless recognizes that [Appellant's] DUI conviction should have merged with his conviction for aggravated assault while DUI for sentencing purposes. *See Commonwealth v. Tanner*, 61 A.3d 1043, 1047 (Pa. Super. 2013) (DUI merges with aggravated assault while DUI for sentencing purposes). However, "[u]nder Pennsylvania law, if Appellant completed the aggregate maximum term of imprisonment [for the merged offense of DUI] while his appeal was pending . . . his challenge to the legality of his sentence for [the DUI] conviction would be moot and incapable of review." *Commonwealth v. Schmohl*, 975 A.2d 1144, 1149 (Pa. Super. 2009) (citing *Commonwealth v. King*, 786 A.2d 993, 996-997 (Pa. Super. 2001) (finding merger issue waived and moot where the sentence of imprisonment on the allegedly merged crime was completed during the course of the appeal)).

While the *Schmohl* Court ultimately did not deem the issue moot because it was unable to determine whether the appellant was still serving his sentence for DUI -- in the instant case, there is no question that [Appellant] has been in custody well beyond the six month maximum term imposed for DUI. As such, [Appellant's] challenge to the legality of his sentence is moot and unreviewable on appeal. *See King*, 786 A.2d at 996-997.

Moreover, even if [Appellant's] legality challenge were not moot, the appropriate relief would be to vacate only his DUI sentence without remanding for resentencing because such disposition would have no effect on the Court's overall sentencing scheme. *Compare Schmohl*, 975 A.2d at 1151 (vacating defendant's merged sentence for DUI without remanding for resentencing where the merged sentence was run concurrently and therefore did not disturb the overall sentencing scheme) *with Commonwealth v. Tanner*, 61 A.3d 1043, 1048 (Pa. Super. 2013) (vacating defendant's sentence for DUI and remanding for resentencing where the DUI sentence was ordered to be served

consecutively and therefore disturbed the trial court's overall sentencing scheme) (citation omitted).

In sum, given that [Appellant's] sentence for DUI was run concurrently and he already has served the maximum term of confinement for same, the court submits that [Appellant's] legality challenge is moot. *See King*, [786 A.2d at 996-997]. Nonetheless, inasmuch as the Superior Court were to determine otherwise, this court would recommend that its sentence for DUI be vacated and that its remaining judgments of sentence be affirmed.

Trial Ct. Op. at 10-13 (some formatting altered).

Following our review of the record, we agree with the trial court that Appellant's convictions for DUI and aggravated assault by vehicle while DUI should have merged for **sentencing** purposes. *See Schmohl*, 975 A.2d at 1150. Therefore, we are constrained to vacate Appellant's sentence for DUI. However, because the trial court imposed Appellant's DUI sentence concurrent to his sentence for aggravated assault by vehicle while DUI, our disposition does not upset the trial court's overall sentencing scheme, nor does it affect Appellant's aggregate sentence. Therefore, it is not necessary to remand this matter for resentencing. *See Commonwealth v. Thur*, 906 A.2d 552, 569-70 (Pa. Super. 2006).

Further, although we conclude that merger applies to Appellant's underlying criminal sentences, our conclusion does not affect the imposition of administrative penalties associated with his underlying convictions. *See Bell*, 96 A.3d at 1020 (explaining that the doctrine of merger does not apply to administrative penalties imposed by PennDOT). Therefore, we disagree with the trial court's conclusion that Appellant's sentencing claim is moot. *See*

*Schmohl*, 975 A.2d at 1150; *Commonwealth v. Rohde*, 402 A.2d 1025, 1027 (Pa. 1979) (explaining that "[i]f the possibility of criminal consequences is sufficient to avoid mootness in subsequent criminal actions, . . . the same possibilities should have the same effect on the mootness issue where social and civil consequences are involved" (citation omitted)).

In sum, we vacate Appellant's sentence for DUI, and we affirm Appellant's convictions and judgment of sentence in all other respects.

Judgment of sentence affirmed in part, and vacated in part as to the sentence for DUI. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/04/2024